324 So.2d 451 (1975)
STATE of Louisiana, Appellee,
v.
Leroy BELL, Appellant.
No. 56524.
Supreme Court of Louisiana.
December 8, 1975.
*452 Edward G. Koch, Jr., New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.
TATE, Justice.
The single issue raised by this appeal is the validity of an enhanced sentence imposed upon the defendant Bell as a second offender, as authorized by La.R.S. 15:529.1, our multiple (habitual) offender law.
The defendant was convicted in September, 1974, of possession of barbiturates. La.R.S. 40:968C. On October 1, 1974, he was sentenced to five years at hard labor and sent to the state penitentiary.
When he took the stand in this September trial, he disclosed a prior conviction for theft in the same parish four years before. He had been convicted in October, 1970, of simple robbery, La.R.S. 14:65, and sentenced to two years in the parish prison.
On October 15, 1974, two weeks after his present initial narcotics sentence, a bill of information was filed charging defendant as a second offender La.R.S. 15:529.1. This charge, of course, was based upon the present (narcotics) conviction as having been for a second offense committed within five years after the first (robbery) conviction.
Due to difficulties in securing his return from the penitentiary, he was not tried upon this enhanced-penalty charge until December 3, 1974, or two months after the first conviction. On March 18, 1975, his initial five-year sentence was set aside and he was re-sentenced, as a second offender, to eight years at hard labor.

(1)
The only substantial argument raised by the single assignment of error concerns whether the state is precluded from charging the accused as a multiple offender because of its failure to do so until after he had commenced serving the sentence on the latest (narcotics) conviction, where the prosecutor knew of this earlier conviction *453 before the sentence for the second offense wus imposed.[1]
Under the statute, a district attorney is authorized to charge a defendant as a multiple-offender "If, at any time, either after the conviction or sentence, it shall appear that a person convicted of a felony" has previously been convicted of another felony. La.R.S. 15:529.1D. We have held that, under the statute, the prosecution of a convicted defendant to secure enhanced punishment as a multiple offender must at the latest be instituted before completion of the sentence initially imposed in the latest conviction. State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974).
As Williams noted, the institution of such a prosecution is further governed by constitutional guarantees of a speedy trial to a defendant. Sixth Amendment, United States Constitution; Art. 1, Section 16, Louisiana Constitution of 1974. Accordingly we have held that a multiple-offender bill must be filed within a reasonable time after the prosecution knows that the defendant has a prior felony record. State v. McQueen, 308 So.2d 752 (La.1975). See also La.C.Cr.P. art. 874: "Sentence shall be imposed without unreasonable delay."
When a district attorney knows of a prior felony conviction, undoubtedly the better practice is for him to file the multiple-offender bill (after conviction of the latest crime) before imposition of the sentence which is to be enhanced. American Bar Association Standards Relating to Sentencing Alternatives and Procedures, Standards 3.3(b) and 5.5(a).
As Commentary (b) of the latter standard notes, reasons of judicial economy and of correctional policy support a single sentencing hearing at which all of the factors supporting an enhanced sentence and its length should be finally determined and known to the offender before his imprisonment commences.
Nevertheless, under the circumstances here shown, we are not prepared to hold that the delay in instituting the multiple-offender prosecution was so unreasonable as to preclude the imposition of the enhanced penalty. Further, no prejudice is claimed or shown by the slight delay in ultimate sentencing so occasioned.[2] We therefore do not find merit to the contention urged.

(2)
In brief, counsel additionally argues that the first conviction was uncounselled and thus could not serve as a valid sentence for purposes of enhanced punishment as a second offender. Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972). We note that no objection was raised in the present proceedings as to this basis for the alleged use of the first conviction.
We pretermit whether, for that reason, the right to raise this issue on this appeal was waived. Cf. La.C.Cr.P. art. 841. In the present record, the exhibits proving the first conviction affirmatively show that the accused was represented *454 therein by appointed counsel. Accordingly, we find no merit to the contention thus urged.

Decree
For the reasons assigned, we affirm the conviction and sentence.
Affirmed.
NOTES
[1] No contention is raised that the defendant failed to appeal the later (narcotics) conviction because he had accepted the lighter sentence in a mistaken reliance upon the state's failure to seek a heavier sentence by further charging him as a second offender. At any rate, the second-offender charge was filed before the delay for appealing the first sentence had expired.
[2] On the initial sentencing the defendant received the maximum penalty of five years. La.R.S. 40:968C. We are not faced with a situation where, in imposing an initial sentence, the trial judge had already taken into consideration the earlier convictions; if he had done so in the present instance, the trial judge was not precluded under the statute from re-imposing the same sentence on the multiple-offender conviction, since five years is an excess of the minimum (one-third) of the longest term imposable for a first conviction, mandatorily required by the statute, La.R.S. 15:529.1(A)(1). See also Footnote 1 above.