471 So.2d 1190 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Robert Lee BELL, Defendant-Appellant.
No. CR 84-1201.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
*1191 James Spruel, Jr., Lake Charles, for defendant-appellant.
Leonard Knapp, Dist. Atty., F. Wayne Frey, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before FORET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Defendant was convicted on June 19, 1984, of attempted second degree murder, in violation of LSA-R.S. 14:30.1 and R.S. 14:27. He was sentenced on June 25, 1984, to 15 years at hard labor in the custody of the Louisiana Department of Corrections. On June 27 he moved for and was granted an order of appeal. Two days later, on June 29, the district attorney filed an information charging him as a multiple offender (two prior felonies) under R.S. 15:529.1. On July 9 he pleaded guilty to being an habitual offender and the trial court vacated and set aside the 15 year sentence imposed on June 25, and sentenced defendant as an habitual offender to imprisonment at hard labor for 50 years without benefit of parole, probation, or suspension of sentence.
Defendant obtained another order of appeal from the new sentence. Only the assignments of error relating to the habitual offender sentence have been briefed. We consider abandoned the assignments unbriefed, State v. Joseph, 425 So.2d 1261 (La.1983), and we will consider only the two assignments of error that have been argued.
The first of the briefed assignments contends that the District Attorney waited too long to file the habitual offender bill, and that the delay in sentencing divested the trial court of its sentencing power. Defendant argues that the State knew of his prior record no later than May 15, 1984, and yet the State delayed the filing of an habitual offender bill until after a sentence of 15 years was imposed. Defendant argues that there was no justification for this unreasonable delay, and that its only purpose was to affect the sentencing powers of the trial judge. Citing State v. Broussard, 416 So.2d 109 (La.1982), defendant argues that he had a right to know the full consequences of his conviction within a reasonable time, and that the proceedings to sentence under the enhancement of penalty provisions were unduly delayed, resulting in a divestiture of the sentencing power of the trial court. This assignment of error is without merit.
Under the statute, the State is authorized to charge a defendant as a multiple offender "If, at any time, either after the conviction or sentence, it shall appear that the person convicted of a felony" has previously been convicted of another felony. La.R.S. 15:529.1 D. It has been held that the language "at any time, either after the conviction or sentence" means what it says, but that the time for instituting multiple offender proceedings is not unlimited. The prosecution of a convicted defendant to secure enhanced punishment as a multiple offender must at the latest be instituted before completion of the sentence initially imposed in the latest conviction. State ex rel. Williams v. Henderson, 289 So.2d 74 *1192 (La.1974). Constitutional guarantees also require that the delay not be unreasonable. State v. Bell, 324 So.2d 451 (La.1975).
In State v. Wilson, 360 So.2d 166 (La. 1978), the Louisiana Supreme Court addressed the issue of time limitations involved in filing an habitual offender bill. The court stated:
"This court has recognized that the enforcement of the Habitual Offender Law rests within the discretion of the district attorney. State v. Badon, 338 So.2d 665 (La.1976); State v. Overton, 337 So.2d 1201 (La.1976). However, the district attorney must file an habitual offender bill within a reasonable time after the prosecution knows that a defendant has a prior felony record. State v. Bell, 324 So.2d 451 (La.1975). Although La.R.S. 15:529.1 does not allow an indefinite time in which a district attorney may file an habitual offender bill once such information is available, neither does it impose a specific prescriptive period in which the district attorney must act upon receipt of the necessary information. State v. McQueen, 308 So.2d 752 (La.1975)."
Here, the district attorney was aware of the defendant's prior felony convictions no later than May 15, 1984, as evidenced by the district attorney's answer to the defendant's motion for discovery. On June 29, 1984, 10 days after the defendant's conviction and four days after the initial sentence was imposed, a bill of information was filed charging the defendant as an habitual offender. In Wilson, supra, the court found an even longer delay between the State's discovery of the defendant's prior felony convictions and the actual filing of the habitual offender bill to be reasonable, saying:
"In the instant case, the district attorney filed an information accusing defendant of a previous felony conviction approximately one month after receipt of information that defendant had been previously convicted of a felony and after defendant's convictions for the instant offenses and approximately two weeks after defendant was sentenced on those convictions. Under these circumstances, we do not consider that the district attorney acted unreasonably in delaying the institution of the habitual offender proceeding even though such delay resulted in the mandatory prohibition against diminution of defendant's sentences for good behavior because of the amendment to La.R.S. 15:571.3 which went into effect in the interim."
In the present case, the bill of information charging the defendant as an habitual offender was filed only 10 days after the defendant's conviction as compared to one month in Wilson. The delay in the present case was reasonable.
In evaluating the argument that the delay operated to divest the trial court of its sentencing power, we have considered the just-published opinion in State v. Coleman, 465 So.2d 709 (La.1985). That case held that the firearm penalty enhancement statutes may not be applied in a case for the first time after execution of a legal sentence begins, or after an order of appeal has been granted. In that case, Coleman was given a five year hard labor sentence for attempted manslaughter. Although the crime was committed with a gun, the mandatory firearm penalty enhancement statutes, La.C.Cr.P. art. 893.1 and La.R.S. 14:95.2, were not applied at sentencing. After execution of the sentence had begun, and after defendant had been granted an order of appeal, the district attorney moved for enhancement of penalty according to these statutes. The Supreme Court held that the trial court was without jurisdiction or authority to change the sentence, reasoning that the original sentence was a legal one because based upon and comporting with a valid and sufficient statute, bill of information and verdict, and that C.Cr.P. arts. 881 and 916 forbade changing a legal sentence after execution had begun and an order of appeal granted.
In our present case, the original 15 year sentence was legal, and the entry of an order of appeal occurred before the habitual offender bill was filed. In our opinion, *1193 however, the habitual offender law is exempt from application of the Coleman standard because of certain language in R.S. 15:529.1, and the holdings of the Louisiana Supreme Court in State v. Williams, 326 So.2d 815 (La.1976) and State v. Maduell, 326 So.2d 820 (La.1976). The language of the habitual offender statute clearly authorizes the filing of a multiple bill "at any time, either after conviction or sentence" and as clearly contemplates that the bill may be filed after the sentence initially imposed in the latest conviction has been partly served, by the employment of this language in section 529.1 D:
"If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated."
In the Williams and Maduell decisions, supra, the court found that Articles 881 and 916 of the Code of Criminal Procedure are in apparent conflict with section 529.1 of Title 15 of the Revised Statutes. The court said, in Maduell, supra, at page 830:
"In these circumstances, where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible; but if there is any conflict the latter will prevail. Abbott v. Parker, 259 La. 279, 249 So.2d 908 (1971); Arata v. Louisiana Stadium and Exposition District, 254 La. 579, 225 So.2d 362 (1969); State v. Mejia, 250 La. 518, 197 So.2d 73 (1967); Sands, Sutherland Statutory Construction § 51.05 (4th ed. 1973)."
The court concluded that R.S. 15:529.1 controlled.
For these reasons, it is our opinion that the trial court was authorized, upon the completion of multiple offender proceedings, to vacate his previous sentence and reimpose a sentence under the provisions of La.R.S. 15:529.1. Also, the jurisdiction of the trial court was not divested under these circumstances, even though the entirety of the habitual offender proceedings took place after the entry of an order of appeal.
Defendant's second assignment of error concerns the conditions "without benefit of parole, probation or suspension of sentence" which the trial judge imposed on the 50 year sentence. Defendant argues that these prohibitions were imposed without legal authority. He correctly points out that in R.S. 15:529.1, the only place that provides that the sentence be without benefit of parole is subsection A(2)(b), and the present case does not fall within the classification of crimes therein enumerated which mandate a prohibition against parole.
Those parts of the penalty clause of R.S. 14:27 that are relevant to this case and to the arguments presented on this issue are:
"D. Whoever attempts to commit any crime shall be punished as follows:
"(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years;
* * * * * *
"(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both."
The crime which defendant attempted to commit, R.S. 14:30.1, second degree murder, mandates a sentence of life imprisonment without benefit of parole, probation or suspension of sentence. The State argues that the prohibition against parole, probation and suspension for this crime must necessarily be read into the attempt penalty clause, and cites as authority State ex rel. Sullivan v. Maggio, 432 So.2d 854 (La.1983). We disagree. That case held that an attempted armed robbery, just as *1194 armed robbery itself, requires a sentence without benefit of parole, probation or suspension. However, an attempt to commit armed robbery is punishable under subsection D(3) above, which requires that sentence be imposed "in the same manner as for the offense attempted", language which does not appear in subsection D(1). Interpreting the penalty language of subsection D(1), the Louisiana Supreme Court in State v. Welch, 368 So.2d 965 (La.1979), held that a sentence thereunder cannot, as a matter of law, be without benefit of parole. The offense in the instant case is punishable under subsection D(1), and a prohibition against parole is not authorized by that provision.
There are other statutes, however, which, in our opinion, render the sentence imposed herein without benefit of parole, probation or suspension, a legal one. These statutes are C.Cr.P. art. 893 and R.S. 15:574.4.
Although sentenced as an habitual offender, the penalty provisions of the underlying offense (in this case R.S. 14:30.1 and 14:27) are the reference provisions on which the penalty increase is calculated. As stated in State v. Bruins, 407 So.2d 685 (La.1981):
"It is not a crime to be an habitual offender. The statute increases the sentence for a recidivist. The penalty increase is computed by reference to the sentencing provisions of the underlying offense. Similarly, the conditions imposed on the sentence are those called for in the reference statute."
C.Cr.P. art. 893(A), dealing with suspension of sentence and probation in felony cases, provides that one convicted of a second felony is ineligible for probation or suspension of sentence. State v. Bruins, supra. Accordingly, defendant's sentence as an habitual offender was required to be without benefit of probation or suspension of sentence.
R.S. 15:574.4(A), as amended by Act 762 of 1981, dealing with parole eligibility, provides in pertinent part:
"A person convicted of a third or subsequent felony and committed to the Department of Corrections shall not be eligible for parole."
Since the present defendant was sentenced as a third felony offender, he was eligible for neither parole, nor probation or suspension of sentence, and it follows that it was correct for the trial judge to impose these prohibitions in the sentence. This assignment of error is without merit.
For these reasons, the conviction and sentence are affirmed.
AFFIRMED.