KNOLL, Judge.
Defendant, Albert Kirk Alexander, was indicted for simple kidnapping and second-degree battery, violations of LSA-R.S. 14:45 and 14:34.1 respectively. A six member jury found him guilty of simple kidnapping and simple battery. Defendant was sentenced to serve five years at hard labor for simple kidnapping; for the simple battery, defendant was sentenced to six months in the parish jail to run consecutive to the five year sentence, plus a $500 fine. The trial judge made a finding that a firearm was used in the commission of the simple kidnapping and applied LSA-C.Cr.P. Art. 893.1, therefore defendant’s five year sentence is without benefit of parole, probation or suspension of sentence. Defendant’s sole contention is that the State should be required to allege the use or possession of a firearm in the indictment before the sentencing court can utilize Article 893.1 to enhance the penalty. For the following reasons we affirm.
FACTS
In April 1983, Norma Jean Woods, the victim, and Johnny Batiste were riding in his car in a Lafayette neighborhood. At that time Woods was four months pregnant with defendant’s child. Defendant blocked their path with his truck, approached the car with a gun and told Woods to get out. Both Woods and Batiste got out of the car. Defendant pointed the gun at Batiste and told him to get in his car and leave. Batiste went to his sister’s house nearby and telephoned the police and Woods’ family. Meanwhile defendant dragged Woods by the hair to his truck, threw her inside and fled. Ethel Goodman, a girlfriend of defendant who was also in the truck, saw defendant strike Woods, breaking Woods’ glasses. Shortly after, defendant dropped Goodman off and brought Woods to a secluded area in or near Carenero where he severely beat her. Defendant then took Woods to the Plantation Inn, a motel in Lafayette, where he checked into a room. Defendant repeatedly threatened to kill Woods and administered several severe beatings upon her. Defendant left the room that night to get asprin and a soft drink for Woods. He left his gun on the nightstand, but warned Woods not to attempt to shoot him. Defendant returned with the asprin and asked Woods to perform sexual intercourse. Woods, who was fearful for her life, complied.
The next morning defendant and Woods went to his lawyer’s office in St. Martin-ville, but his lawyer was not there. He then took her to a mechanic shop in Lafayette and then back to the motel room. Defendant then left for approximately an hour. While he was out, defendant learned that Woods’ mother had filed a complaint with the police. When he returned, defendant told Woods to call her mother and tell her she was fine. They also telephoned Captain Myers of the Lafayette Police Department informing him that they were fine. After these phone calls, defendant left the room again. While defendant was gone, Woods telephoned her mother and told her that defendant would kill her (Woods) if he saw any policemen. After her mother assured her that the police would not be in uniform, Woods told her mother where she was and the room number. Woods’ mother immediately telephoned the police and shortly thereafter *539 defendant was arrested at the Plantation Inn. Defendant escaped from the police but was found a few days later.
ASSIGNMENT OF ERROR
Defendant contends that the use of a firearm was an element of the offense for which he was sentenced, and that failure to forewarn him of the application of Article 893.1 in the indictment violates his right to be informed of the full nature and cause of the accusations against him. We disagree.
Article 893.1 provides:
“When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall-not be eligible for probation or parole.” (Emphasis added.)
This issue has been raised before and rejected. In State v. Moore, 442 So.2d 726 (La.App. 1st Cir.1983), the court stated:
“It has been held the state need not separately charge the defendant with violation of La.R.S. 14:95.2. State v. Roussel, 424 So.2d 226 (La.1982), rehearing denied 1983. We see no reason for the establishment of a different rule under La.Code Crim.P. art. 893.1. The question required to be determined under this article is simply a matter of proof and has no relation to the facts which determine guilt or innocence of the basic crime. Using a firearm, in this instance, is not a separate crime and there is no necessity for a separate charge.” (Emphasis added.)
We followed our brethren of the First Circuit in State v. Barberousse, 458 So.2d 569 (La.App. 3rd. Cir.1984), wherein we stated:
“The defendant also argues that his due process rights were violated by the State’s failure to include art. 893.1 in a bill of information, such that he was unconstitutionally deprived of notice and a chance to defend against the impending effect of that provision. Although we note that ample evidence exists that the defendant did have actual notice of the forthcoming application of art. 893.1 we decline to decide this issue on that basis.3 In State v. Roussel, 424 So.2d 226 (La.1982), our Supreme Court rejected a defendant’s argument that he was given inadequate notice and opportunity to defend against the imposition of LSA-R.S. 14:95.2, which mandates an, additional penalty for perpetrators of certain crimes committed with the use of firearms or explosive devices. In rejecting that defendant’s argument that a bill of information should be required charging one under R.S. 14:95.2 before punishment may be imposed, the court held that no separate crime was created by R.S. 14:95.2 and, therefore, no bill was required.
That rationale applies with equal (if not greater) force to the instant case, as art. 893.1 also does not create a separate crime; it merely enhances a possible penalty and restricts the trial judge’s sentencing discretion. State v. Victorian, supra. Revised Statute 14:95.2 goes beyond that by imposing a separate and additional penalty. If violators of the latter provision are not entitled to notice of its impending application by bill of information, or otherwise, then a for-tiori a formal notice of the applicability of art. 893.1 is not required.” (Footnote omitted.) (Emphasis added.)
In the instant case, the sentencing court announced its intention to sentence defendant under Article 893.1 on July 11, 1984, immediately after the jury returned its verdict; the court remanded defendant for sentencing on July 17, 1984. In accordance with Article 893.1, the court made a finding that defendant used a firearm in the commission of the simple kid *540 napping. Although defendant denies that he had a gun, the record contains abundant and overwhelming evidence to the contrary. Accordingly, since Article 893.1 is not a separate offense, but rather an enhanced penalty provision, it is not a denial of due process of law where the indictment does not allege the application or intended use of Article 893.1.
DECREE
For the foregoing reasons, the convictions and sentences of defendant, Albert Kirk Alexander, are affirmed.
AFFIRMED.