503 So.2d 782 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Albert Kirk ALEXANDER, Defendant-Appellant.
No. CR 86-924.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
*783 Richard P. Weimer, Lafayette, for defendant-appellant.
Carrol Spell, Jr., Keith Stutes, Asst. Dist. Attys., Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, FORET and KNOLL, JJ.
KNOLL, Judge.
Defendant, Albert K. Alexander, appeals his adjudication as a multiple offender (second). On appeal defendant contends that the trial court erred: (1) in denying his motion to quash the bill of information charging him as a multiple offender on the basis that the multiple offender proceeding was unduly delayed; and (2) in its conclusion that defendant was adequately boykinized in the earlier offense used as a basis for his adjudication as a multiple offender. We affirm.

FACTS
On July 12,1984, the day after defendant was convicted by a six member jury of simple kidnapping, the State filed a bill to have the defendant sentenced as a multiple offender. The basis of the multiple offender proceeding was the July 11, 1984, conviction for simple kidnapping, conviction for two counts of theft on October 10, 1979, and simple burglary convictions on April 6, 1978, and September 19, 1978.
On July 17, 1984, defendant was sentenced on his conviction for simple kidnapping. This court affirmed the conviction on August 20, 1985. State v. Alexander, 474 So.2d 537 (La.App. 3rd Cir.1985). The multiple offender hearing was originally set for December 4, 1984, but was set aside because defendant was incarcerated in the Avoyelles Parish jail.
On January 7, 1985, defendant, in proper person, filed a motion to vacate alleging inter alia that the five year limitation on the use of prior convictions provided in LSA-R.S. 15:529.1 had elapsed. On March 19, 1985, defendant was referred to the Indigent Defender Board for the appointment of counsel.
The matter was again set for hearing on July 18, 1985, but the matter was passed because the defendant was not brought to court from his place of incarceration.
Defendant next appeared before the trial court on December 13, 1985, on the motion to vacate. This hearing was held pursuant to an order of the Third Circuit Court of Appeal on December 4,1985, which ordered the trial court to act on defendant's motion within thirty (30) days. (Our Docket K85-760).
The trial court ruled the 1978 burglary convictions could not be used as prior convictions to support the multiple offender charge.
The matter was then set for hearing on March 6, 1986, but defense counsel objected to trial because the notice of trial stated the matter was set for hearing on motions.
At the beginning of the hearing, on July 30, 1986, defendant filed a motion to quash on the grounds that over two (2) years had elapsed since the filing of charges against defendant. The motion was denied and the matter proceeded to trial. At the close of the State's case, defendant moved for a verdict of acquittal contending the State failed to prove that defendant was properly boykinized at the time he entered his previous guilty pleas.
The trial court denied the motion, found the defendant to be a second multiple offender, vacated the previous five (5) year sentence, and imposed a sentence of ten (10) years at hard labor.

ASSIGNMENT OF ERROR ONE
Defendant alleges that the trial court erred in denying defendant's motion to quash the habitual offender charge. Defendant claims that the two year lapse between the filing of the habitual offender charge on July 12, 1984, and the hearing on July 30, 1986, constituted an unreasonable delay and a ground for quashing the habitual offender charge.
*784 This case is governed by principles of due process and not by defendant's right to a speedy trial guaranteed by United States Const.Amend. VI and La. Const. Art. I, Sec. 16 (1974). Those cited constitutional provisions only apply to the right of an accused to have an expeditious determination of guilt. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); State v. Johnson, 363 So.2d 458 (La.1978). It is well settled that the habitual offender proceeding provided by LSA-R.S. 15:529.1 is in the nature of an enhancement of penalty, rather than a prosecution for a crime. State v. Stott, 395 So.2d 714 (La.1981).
Nevertheless, principles of fundamental fairness dictated by the due process clause of the Fourteenth Amendment prohibit inordinate delays in post-conviction proceedings such as imposition of sentence. State v. Duncan, 396 So.2d 297 (La.1981).
In State v. Bell, 471 So.2d 1190 (La.App. 3rd Cir.1985), writ denied, 477 So.2d 97 (La.1985), we stated:
"Under the statute [R.S. 15:529.1], the State is authorized to charge a defendant as a multiple offender `If, at any time, either after the conviction or sentence, it shall appear that the person convicted of a felony' has previously been convicted of another felony. La. R.S. 15:529.1 D. It has been held that the language `at any time, either after the conviction or sentence' means what it says, but that the time for instituting multiple offender proceedings is not unlimited."
In the case sub judice the bill accusing defendant of prior convictions was timely filed; it was instituted the day after defendant was convicted of the underlying offense. See State v. Bell, supra, and State v. Wilson, 360 So.2d 166 (La.1978). The question is whether the hearing on the multiple offender bill, heard 24 months following the filing of the bill, constitutes undue delay sufficient to quash the charge.
Although State ex rel. Glynn v. Blackburn, 485 So.2d 926 (La.1986) and State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974), specifically address instances where multiple offender bills were not filed until after an accused served the underlying sentence, they nonetheless stand for the proposition that proceedings against a convicted defendant to enhance his sentence under R.S. 15:529.1 must be completed before he has satisfied his sentence on the underlying felony and discharged from custody for that offense. In the case sub judice the record clearly establishes that defendant was still incarcerated for the underlying felony (simple kidnapping) at the multiple offender hearing. Therefore, we conclude that there was no unreasonable delay in conducting the multiple offender hearing since defendant was notified of the filing of the multiple offender bill immediately upon his conviction for the underlying offense and was still incarcerated when the multiple offender hearing was conducted.
Furthermore, as noted by the trial court, defendant's unavailability due to his incarceration together with his writ applications were reasons, in part, for the delay in conducting the multiple offender hearing. The trial court synopsized the sequence of events as follows:

"The Bill of Information was filed July 12, 1984. The case was fixed on August 9, '84 for arraignment. Fixed on December 4th, '84 for trial. Trial was set aside as the accused was in Avoylles [sic] Parish Jail. Service had been attempted in Angola, but he wasn't there. Then he went up on Writs to the Supreme Court on the basis that the present conviction was on appeal and the State could not proceed as a multiple third offender on the basis that his last conviction was not final. So that certainly would interrupt. Then it was next fixed for trial on July 18th, 1985. The State did not prepare the proper writ to have him brought here. Then November 25, 1985, he filed a motion to vacate to the Court of Appeal, Third Circuit, which interrupted the proceedings in State court. That was to vacate the second conviction. And I set it for hearing on December 13, 1985, and I think I sustained the Motion to Quash. *785 So really it's been in posture only since December 13th, about seven months. The Court does not feel that such a delay is unduly long and will deny the Motion to Quash. The Court notes that there are no allegations of prejudice to the defendant because of this delay."

Therefore, we conclude after a careful review of the record that the prosecution of the habitual offender bill was timely and that the trial court did not err in denying defendant's motion to quash.

ASSIGNMENT OF ERROR TWO
Defendant next argues that the trial court erred in concluding that the State proved each element of the offense beyond a reasonable doubt. Particularly, defendant claims that to support the multiple offender conviction, the State relied upon 1979 convictions (theft) but did not show that defendant was adequately boykinized at the time of the guilty pleas.
Evidence of a conviction based on a guilty plea cannot be used for an enhanced sentence if the record of the prior conviction does not show a valid waiver of the defendant's constitutional rights. State v. Bland, 419 So.2d 1227 (La.1982); State v. Lewis, 367 So.2d 1155 (La.1979). A waiver of rights form signed in open court by the defendant, his attorney and the trial judge plus a minute entry indicating that the defendant has been questioned by the court as to his rights and indicating that the court has accepted the plea as being freely and voluntarily made are sufficient to show that in pleading guilty the defendant effectively waived the constitutional rights required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State v. Tucker, 405 So.2d 506 (La.1981). A conviction based on such a guilty plea can, thus, be used for enhancing sentences. State v. Junegain, 478 So.2d 542 (La.App. 4 Cir.1985), writ denied, 483 So.2d 1018 (La.1986); State v. Gremillion, 428 So.2d 940 (La.App. 1 Cir. 1983); State v. Tucker, supra.
In the multiple offender proceeding the State introduced the waiver of rights form for a guilty plea which was the basis of a 1979 conviction for theft. The form which was signed by the trial judge, defendant and his attorney indicated that defendant understood the possible sentence and that he waived the right to trial by jury, the right to an attorney, the right to confront his accusers, and the right not to be required to testify against himself. The State also introduced a minute entry revealing that defendant was interrogated by the court as to the voluntariness of the guilty plea, as to the maximum sentence he could receive and as to all of his constitutional rights. The minute entry further showed that defendant signed the guilty plea form in open court. Accordingly, we conclude that the waiver of rights form and the minute entry reflecting the colloquy between the trial judge and defendant are sufficient to show that in pleading guilty defendant waived his constitutional rights. Therefore, the 1979 conviction based upon that guilty plea was properly used in enhancing defendant's sentence. This assignment of error lacks merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.