595 So.2d 780 (1992)
STATE of Louisiana
v.
C.J. JENKINS.
No. 91-KA-771.
Court of Appeal of Louisiana, Fifth Circuit.
February 25, 1992.
*781 Dorothy A. Pendergast, Denis Ganucheau, Robert Grant, Asst. Parish Attys., 24th Judicial Dist. Parish of Jefferson, Gretna, for plaintiff/appellee.
Ralph L. Barnett, Gretna, for defendant/appellant.
Before KLIEBERT, DUFRESNE, and GOTHARD, JJ.
GOTHARD, Judge.
The defendant, C.J. Jenkins, was charged by bill of information with possession of dilaudid with intent to distribute in violation of LSA-R.S. 40:967. After his first trial ended in a mistrial, the defendant was retried and found guilty of attempted possession of dilaudid with intent to distribute. On March 2, 1990 he was sentenced to serve twelve years at hard labor and to pay a fine of $5,000.00. On appeal this court confirmed the conviction but vacated the sentence, finding it illegally excessive.[1] On remand the trial court sentenced the defendant to serve five years at hard labor and imposed a $5,000.00 fine.
In this appeal, the defendant challenges the multiple offender proceeding instituted against him by the State. On October 27, 1988, a jury convicted the defendant of attempted possession of dilaudid with intent to distribute. At that time, the State announced its intention to multiple bill the defendant. The multiple offender bill against the defendant was filed on August 22, 1989. Three days later, on August 25, 1989, the defendant denied the multiple bill's allegations at his arraignment. The multiple offender hearing took place on July 26, 1991. The trial court found that the defendant was a second-time felony offender and sentenced him as such to serve five years at hard labor and to pay a fine of $5,000.00.
In his first assignment of error the defendant asserts that the trial court abused its discretion in denying bail pending appeal. However, in brief, defendant concedes that assignment was rendered moot by this court's decision in writ No. 91-KH-860, November 12, 1991 in which a remand for a bail hearing was ordered.
In his second assignment of error the defendant challenges the validity of the *782 multiple bill proceeding on two grounds. Initially, he argues the prosecution under the habitual offender statute was untimely. He also contends that the predicate offense cannot be used to enhance the sentence because the guilty plea in that matter was defective.
As to the timeliness issue, the defendant argues that his due process rights were violated by the lengthy delay between the filing of the multiple bill and the hearing on it. The State filed the multiple bill on August 27, 1989, and the trial court conducted the multiple offender hearing on July 26, 1991.
The Louisiana habitual offender statute has been interpreted to require that multiple bill proceedings be completed before the defendant serves the sentence which is to be enhanced. LSA-R.S. 15:529.1(D); State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974). The defendant is entitled to know the full consequences of the verdict against him within a reasonable time.
The record in this case reflects that the State notified the defendant, at the time of his conviction on October 27, 1988, of its intention to file a multiple bill. After the conviction, the trial judge was unexpectedly absent from the bench for a period of time due to illness. The State filed the multiple bill on August 22, 1989, and the defendant denied the bill's allegations at his arraignment three days later. After two defense requested continuances, the defendant was sentenced on March 2, 1990, for his underlying conviction. Thereafter, numerous continuances resulted in the postponement of the multiple offender hearing until July 26, 1991. The continuances requested by the State and by the defendant were roughly equal in number.
Under quite similar circumstances, the appellate court in State v. Alexander, 503 So.2d 782 (La.App. 3rd Cir.1987) held that a two year lapse between the filing of a multiple bill and the subsequent hearing was not unreasonable. In reaching its decision the Alexander court recognized that, although the habitual offender proceeding is in the nature of an enhancement of penalty, rather than a prosecution, State v. Stott 395 So.2d 714 (La.1981) principles of fundamental fairness dictated by the due process clause of the Fourteenth Amendment prohibit inordinate delays; State v. Duncan, 396 So.2d 297 (La.1981). Nonetheless, the facts that the multiple bill was timely filed and the defendant was still incarcerated for the underlying felony convinced the court that fundamental fairness principles were not violated by the delay in the proceeding. Applying those same principles to the case at bar, we find no unreasonable delay in conducting the multiple offender hearing. The defendant was notified of the intended filing of the multiple bill immediately upon his conviction for the underlying offense, and he was still incarcerated when the multiple offender hearing took place.
In support of his assertion that the guilty plea on the predicate offense was defective, the defendant urges that he did not knowingly and voluntarily waive his rights prior to tendering that guilty plea. An objection at the multiple bill hearing to the use of the predicate offense on this basis enables the defendant to seek review of this issue on appeal. See State v. Johnson, 548 So.2d 1274 (La.App. 4th Cir.1989).
In a multiple offender proceeding, the State must prove by competent evidence the existence of a prior felony and that the defendant is the person who was convicted of that prior felony. State v. Chaney, 423 So.2d 1092 (La.1982). When the prior conviction resulted from a guilty plea, the State must also establish that the defendant was advised of his constitutional rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and that he knowingly waived those rights prior to tendering the guilty plea. State v. Jones, 516 So.2d 396 (La.App. 5th Cir.1987) on remand, 537 So.2d 848 (La.App. 5th Cir. 1989). The following trilogy of constitutional rights are waived by a guilty plea: (1) the privilege against self-incrimination; (2) the right to a jury trial; and, (3) the right to confront one's accusers. Boykin, supra. The United States Supreme Court further stated in Boykin, supra, that a *783 defendant's waiver of his rights would not be presumed from a silent record. The Louisiana Supreme Court adopted Boykin in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) and later held that Boykin applied to all guilty pleas subsequent to December 8, 1971. State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).
In this case, the State introduced evidence of a prior conviction for possession of cocaine (LSA-R.S. 40:967) and then introduced expert fingerprint analysis to establish that the defendant was the person who committed that crime. The State offered the record of that prior conviction to prove that the defendant was properly Boykinized before acceptance of his guilty plea.
A review of the colloquy in the predicate offense reveals that the defendant was properly informed of his rights under Boykin and clearly shows that the defendant knowingly and voluntarily waived those rights.
Because we find no merit in any of defendant's assignments of error, we affirm the conviction and sentence which resulted from the habitual offender proceeding.
AFFIRMED.
NOTES
[1] State v. Jenkins, 573 So.2d 218 (La.App. 5 Cir.1990).