425 So.2d 1261 (1983)
STATE of Louisiana
v.
Errol T. JOSEPH, Jr.
No. 81-KA-3160.
Supreme Court of Louisiana.
January 10, 1983.
*1262 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Jennifer Olinde, Linda Bizzaro, and John Craft, Asst. Dist. Attys., for plaintiff-appellee.
David P. LaNasa, New Orleans, for defendant-appellant.
WATSON, Justice.
Defendant, Errol T. Joseph, Jr., was charged by bill of information with carnal knowledge of a juvenile, in violation of LSA-R.S. 14:80.[1] The information alleged *1263 the offense occurred "between the months of November and December", 1980. Trial was held on July 30, 1981. Joseph was convicted by a six member jury of attempted carnal knowledge, LSA-R.S. 14:27,[2] sentenced to three years, suspended, and placed on probation for five years.

FACTS
The state presented two witnesses. The victim testified that she was born on January 24, 1967, was fourteen at the time of trial and that she was not and had never been married. She identified the defendant and said she willingly engaged in sex with him in November or December, although she could not recall the specific date. Although she did not understand the meaning of the term "sexual intercourse", her explicit description left no doubt that there was sexual intercourse and penetration. She did not tell her mother about the incident until the latter learned she was pregnant. The victim admitted that someone other than defendant could have been the father. She said her mother had accused other people of having sex with her [apparently with reason].
The victim's mother testified that she took her daughter to a doctor because she was ill and gaining weight. Advised by the doctor of the pregnancy, she asked who the girl had "been with" (Tr. 32), and was told it was Errol Joseph. According to the mother, her daughter was thirteen years old in November and December of 1980. She turned fourteen in January, 1981. The mother had seen Joseph pinching her daughter's breasts and buttocks. She denied ever previously accusing anyone of having sex with her daughter.
The defendant's birth certificate, introduced into evidence, showed he was born on November 25, 1961. Thus, he would have been eighteen or nineteen at the time of the offense.
A defense witness, Mrs. Glen Thomas, said the victim's mother "... came to tell me about my son." (Tr. 39) When she was asked whether the victim's mother had ever accused her son of having sex with the girl, the state's objection to the question was sustained. Mrs. Thomas was also prevented from testifying about the mother or daughter's reputation in the community.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the state failed to carry its burden of proving every element of the offense.
The test is whether, viewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The elements of carnal knowledge of a juvenile in this situation are found in section one of LSA-R.S. 14:80. These are: (1) a male over the age of seventeen; (2) an unmarried female over twelve and under seventeen; (3) an age difference greater than two years between the two; and (4) consensual sexual intercourse. For the verdict of attempted carnal knowledge of a juvenile, the evidence must prove that: (1) defendant had the specific intent to commit the crime; and (2) performed an act for the purpose of and tending directly toward the accomplishment of this objective.
*1264 The defendant's birth certificate established that he was eighteen or nineteen at the time of the offense and thus over the age of seventeen. The unrebutted testimony of a witness as to her own age is sufficient to prove that fact. LSA-R.S. 15:430.1.[3] The victim's testimony established she was thirteen years old when the offense occurred. Her mother corroborated that testimony. An age difference of greater than two years between the defendant and the victim was proven.
The date of the offense is not an element of the crime of carnal knowledge of a juvenile. It is only material to the offense in the sense that the ages of the two persons must fall within the requirements of LSA-R.S. 14:80 when the offense occurred. The ages of Joseph and the girl would have fallen within the statutory framework if the offense had occurred anytime during 1980. Thus, the state was not required to specify the exact date of the crime. LSA-C.Cr.P. art. 468.[4] The bill of information, alleging that the offense occurred between November and December, 1980, was actually more specific than necessary.
Defendant contends that the state failed to prove the offense occurred in 1980. While neither of the state's witnesses directly testified about the year of the offense, the following exchange took place during direct examination of the victim:
"Q. Okay. Kim, do you remember back let's go back to Novembersometime in November or December, did you have sex with Errol at that time?
"A. Yeah." (Tr. 12)
Since trial was held in July, 1981, it is reasonable to infer that the period referred to was November or December, 1980, as alleged in the bill of information.
Defendant also argues that the victim's testimony regarding her marital status is insufficient to prove beyond a reasonable doubt that she was not married and cites State v. LaBorde, 234 La. 28, 99 So.2d 11 (1958). LaBorde's conviction of carnal knowledge of a juvenile was reversed because the state failed to present any evidence of the prosecutrix's marital status. Here, in contrast, the state elicited direct testimony from the victim to the effect that she was not and had never been married. Witnesses testifying under oath are presumed to be telling the truth. LSA-R.S. 15:432. See State v. Reed, 324 So.2d 373 (La., 1976). Kim's unquestioned testimony provided a rational basis for the jury to find beyond a reasonable doubt that she was unmarried.
The evidence would have supported a conviction of carnal knowledge of a juvenile, but the jury gave the lesser verdict of attempted carnal knowledge. A conviction of attempt can be entered even though the crime was actually perpetrated. LSA-R.S. 14:27 C.
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant contends that the trial court's evidentiary rulings deprived him of a fair trial, confrontation of witnesses and presentation of a defense.
The victim testified that her mother had previously accused others of having sex *1265 with her. Her mother denied any previous accusations. When the sole defense witness was asked if her son had been accused by the mother of having sex with the victim, the state's objection was sustained. The state maintained that the question called for hearsay evidence and evidence of the prior sexual conduct of the victim.
Testimony about an out-of-court statement, offered to prove the truth of the statement, is hearsay and inadmissible. LSA-R.S. 15:434;[5]State v. Sheppard, 350 So.2d 615 (La., 1977). Asking whether the victim's mother had made a certain accusation did not call for a hearsay response. The question was intended to establish that the words were spoken, not that they were true. State v. Moore, 414 So.2d 340 (La., 1982). The evidence was not barred by LSA-R.S. 15:498.
As to the victim's prior sexual conduct, "LSA-R.S. 15:498 is intended to prevent rape [or carnal knowledge] victims from being attacked and impeached on the irrelevant issue of general unchastity. The statute is contained in Part X of Chapter 2, `Impeaching and Corroborative Evidence.' Only evidence of prior sexual conduct which impeaches a victim's general `reputation for chastity is excluded by the statute." State v. Langendorfer, 389 So.2d 1271 at 1274 (La., 1980). The question may be construed as intending to impeach the mother and not to attack the victim's reputation for chastity, the victim having admitted that she was not chaste. The excluded evidence was irrelevant to the issue of defendant's guilt or innocence, LSA-R.S. 15:435,[6] and defendant was not entitled to impeach the testimony and credibility of the mother on an irrelevant issue. LSA-R.S. 15:494.[7]
In any event, the victim had contradicted her mother on this point, and the testimony defendant sought to elicit would have been merely cumulative. Compare State v. Vanderhoff, 415 So.2d 190 (La., 1982). There was no error infringing on defendant's constitutional right to present his defense. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
This assignment lacks merit.

ASSIGNMENTS OF ERROR NUMBER THREE AND FOUR
These assignments were not briefed or argued and are considered abandoned. State v. Kenner, 384 So.2d 413 (La., 1980); State v. Brumfield, 329 So.2d 181 (La., 1976).
For the foregoing reasons, the conviction and sentence of defendant, Errol T. Joseph, Jr., are affirmed.
AFFIRMED.
LEMMON, J., concurs.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring in the result.
In my opinion, the question asked of the defense witness, whether the victim's mother had ever accused the witness' son of having intercourse with the victim, called for a hearsay answer. It is fairly obvious that the defendant did not seek to introduce the testimony to prove the fact that the accusation was made, but rather to convince the trier of fact of the truth of the accusation, namely that the victim had a sordid history of sexual activity. Therefore, the testimony of the witness on this point was properly excluded as hearsay. See State v. Martin, 356 So.2d 1370 (La.1978).
Because the testimony was correctly excluded as hearsay, the question of whether the rape shield statute would bar the introduction of the evidence need not be addressed.
*1266 Accordingly, I respectfully concur in the result.
NOTES
[1] LSA-R.S. 14:80 provides in pertinent part:

"Carnal knowledge of a juvenile is committed when:
"(1) A male over the age of seventeen has sexual intercourse, with consent, with any unmarried female of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons; or
* * * * * *
"Lack of knowledge of the juvenile's age shall not be a defense. Emission is not necessary; and penetration, however slight, is sufficient to complete the crime."
* * * * * *
[2] LSA-R.S. 14:27 provides in pertinent part:

"A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
* * * * * *
"C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt."
[3] LSA-R.S. 15:430.1 provides:

"The testimony of a witness (otherwise deemed competent to testify) as to his or her own age, shall be admissible into evidence in all criminal prosecutions where it is necessary to prove the age of such person. However, such testimony shall be subject to rebuttal by competent evidence to the contrary. If no such evidence is presented, the court or the jury, as the case may be, may conclude that the original testimony of the witness as to his or her own age is sufficient. This section is declared to be an exception to the hearsay evidence rule."
[4] LSA-C.Cr.P. art. 468 provides in pertinent part:

"The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense."
This article is equally applicable to the bill of information under the provisions of LSA-C. Cr.P. art. 461.
[5] LSA-R.S. 15:434 provides:

"Hearsay evidence is inadmissible, except as otherwise provided in this Code."
[6] LSA-R.S. 15:435 provides:

"The evidence must be relevant to the material issue."
[7] LSA-R.S. 15:494 provides:

"It is not competent to impeach a witness as to collateral facts or irrelevant matters."