463 So.2d 657 (1985)
STATE of Louisiana
v.
James GREEN.
No. KA-1798.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
*658 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., Richard D. Jacobson, Law Clerk, New Orleans, for appellee.
Calvin Johnson, Richard W. Martinez, Student Practitioner, Loyola Law School Clinic, New Orleans, for appellant.
Before REDMANN, C.J., and GULOTTA and WILLIAMS, JJ.
GULOTTA, Judge.
James Green was convicted of forcible rape, LSA-R.S. 14:42.1, and after being multiple billed was sentenced to 40 years. In his only assignment of error, defendant contends the evidence is not sufficient to support a finding of guilt beyond a reasonable doubt.
Before reaching the merits of defendant's assignment, we reviewed the record for errors patent. The record does not indicate whether or not the defendant was present at the arraignment. However, it does reflect that his attorney was present and entered a not guilty plea without objection. Under the circumstances this irregularity in the arraignment is waived. See LSA-C.Cr.P. Art. 555.
Green argues the evidence presented was not sufficient to prove the State's case beyond a reasonable doubt or to exclude every reasonable hypothesis of innocence.
An appellate court, in reviewing the sufficiency of evidence to support a conviction, is required to determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), State v. Summitt, 454 So.2d 1100 (La.1984); State v. Joseph, 425 So.2d 1261 (La.1983); State v. Fuller, 414 So.2d 306 (La.1982). To obtain a conviction for forcible rape, the State must prove that: 1) anal or vaginal intercourse occurred; 2) the victim's resistance was prevented by force or threats of violence; and 3) victim reasonably believed that such resistance would not prevent the rape.
In the instant case, both the appellant and the 39 year-old female victim testified that intercourse took place. The question is whether the victim consented or whether her resistance was prevented by force or threats of force.
The victim testified that on July 24, 1982, at approximately 6 p.m., she left her van at a service station for repairs. After ascertaining from the station owner that it would be safe to get a ride from the defendant, the victim asked Green if he could drive her to a restaurant on the periphery of the French Quarter. While riding with Green, the victim realized that they were heading in the wrong direction. Green told her that he had to pick up a friend along the way, and he stopped at what appeared *659 to be an abandoned house. The victim was coaxed out of the front seat of the car and forced into the back seat. According to the victim, Green pinned himself on top of her and, after a struggle of approximately 10 minutes, raped her. In connection with evidence relating to force, the victim testified:
"So, then I started fighting him, and he was getting upset at that, obviously, and he said something like, `I don't want to hurt you. It's not in me to use violence, so calm down and let's get it over and done with because I'm going to take you.' I said, `No', you know, and I was by that time pretty hysterical. I was crying and trying to fight him off, you know, but he never did hit me. I must add he never punched me or anything, but at one point, I think I struggled with him approximately ten minutes, maybe less. It seemed like a long time. And, at one point he clinched his fists. He said, `I have never hit a woman and I don't like hitting you, so just clam down', and I realized he was starting to get mad at me, and I think basically I flashed towardsI have a two and-a-half year old and my husband and I have split up, and basically flashed if anything happened to me, she didn't have anyone to take care of her. She would end up in an orphanage. If anything would happen to me she didn't have anyone to take care of her. She would end up in an orphanage, and let this person get on with what he was going to do and get out of there fast. And, so I went along with him at that point when I saw he might get violent and I let himI raised my dress."
Green then drove the victim to an Exxon station one block from the corner of Rampart and Esplanade Streets, where she called the police.
According to defendant, the victim asked him to drive her to the Desire housing project. Upon arrival at the project, the victim picked up a tinfoil pack. Defendant indicated that the victim sniffed the contents of this package. He then drove down Florida Avenue whereupon the victim asked him for forty dollars in exchange for oral sex. He told the victim that he didn't have forty dollars and that he did not do oral sex. However, he did give her eighteen dollars. He stopped the car and they had intercourse. He then drove her to an Exxon station. When the victim saw that he had more money, she became angry and left.
Medical examination conducted three hours after the incident showed that intercourse had taken place. Furthermore, the dress which the victim had worn on July 24, 1982, was ripped and dirty in several places. Both the victim and a friend testified that this dress was not in that condition prior to the ride with the defendant.
In the instant case, the State's evidence largely consisted of the direct testimony of the victim. This testimony was contradicted by that of the defendant. The jury, as a fact finder, based on credibility, believed the victim and rejected the defendant's testimony. We cannot now, as a reviewing court, say that finding is in error. Our review is limited to the Jackson standard. Applying that standard, we conclude the jury, based on a credibility determination, could have found the defendant guilty beyond a reasonable doubt. Because the conviction in the instant case is not based on circumstantial evidence, the evidentiary rule of excluding every reasonable hypothesis of innocence is not applicable here.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.