471 So.2d 319 (1985)
STATE of Louisiana
v.
Alvin PHILLIPS.
No. KA-1893.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1985.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, *320 Dist. Atty., Pamela S. Moran, Michael E. McMahon, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
Steven Lemoine, New Orleans, for defendant-appellant.
Before SCHOTT, KLEES, and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The defendant, Alvin Phillips was charged with and convicted of a violation of LSA-R.S. 14:65.1, relative to the offense of purse snatching. He was sentenced as a multiple offender to serve forty years at hard labor.
On appeal Phillips asserts the following assignments of error: 1.) that the trial court erred in excluding the testimony of an alibi witness, 2.) that the trial court erred in allowing hearsay testimony on rebuttal, and 3.) that the trial court erred in imposing an excessive sentence. We find reversible error in defendant's second assignment of error.
The record reflects that at approximately 7:00 p.m. on January 6, 1982, Olive Malenica was waiting for a cab outside of the Economical Supermarket located at the corner of Elysian Fields Avenue and Gentilly Boulevard. Ms. Malenica had begun to set her purse on the seat of her shopping cart when the purse was snatched from her hand. She turned and observed two men running away, one with her blue purse in his hand. The men disappeared behind the store. Ms. Malenica testified that she did not get a good look at her assailants, and she could not identify them.
Brent Gaugie testified that he was driving home from his job with the Orleans Parish Criminal Sheriff's Office and had stopped at a red light at the corner of Elysian Fields Avenue and Gentilly Boulevard when he observed a man snatch Ms. Malenica's purse and run with an accomplice around the store to a parking lot. Mr. Gaugie observed the men throw the purse into a red AMC Javelin and then enter the car. The car then pulled out onto Gentilly Boulevard in front of Mr. Gaugie. Mr. Gaugie testified that he got a good look at the driver of the car, who he identified as the defendant Alvin Phillips. Mr. Gaugie followed the Javelin for approximately three blocks and copied down its license plate number. He then returned to the scene of the crime and called the police.
Officer Kevin Johnson testified that he interviewed both Ms. Malenica and Mr. Gaugie at the scene of the crime. Two days later, Officer Johnson observed a car at the corner of North Broad and Columbus streets whose description and license plate number matched the ones given by Mr. Gaugie of the vehicle used in the purse snatching. Officer Johnson stopped the vehicle which Phillips was driving. Phillips was not arrested, but the car was impounded.
On January 20, 1982, Mr. Gaugie chose Phillips' picture out of a photographic lineup and identified him as the driver of the car used in the purse snatching. Phillips was arrested on January 27th while he was at the Fifth District police headquarters trying to get the police to release his car.
Alvin Phillips denied having any part in the purse snatching and denied even being at the scene of the crime. Phillips testified that on January 3rd (three days prior to the date of the offense) his car got a flat tire and was towed to a repair shop where the tire and a dented fender were to be repaired. He testified that he did not receive it back from the repair shop until sometime after January 6th. Phillips denied ever having seen either Ms. Malenica or Mr. Gaugie. Phillips testified that he was driving his car on the day it was seized and that the seizing officer originally arrested him and then released him at the scene because no one came to identify him. Phillips maintained that he was arrested at police headquarters during one of many visits he made in an attempt to obtain the release of his car. Phillips admitted he had a prior conviction for simple burglary and was on probation at the time of his arrest.
Helen Cheano, Phillips' aunt, testified that Phillips' car broke down on January 3rd, but she admitted that the car might have been returned by January 6th.
On rebuttal, Officer Norman McCord testified that he contacted the repair shop *321 where Phillips left his car and that an employee told him over the telephone that Phillips' car was brought in on either New Year's Eve or New Year's Day and was returned to Phillips two days later. Officer McCord testified that the employee assured him that Phillips' car was released before January 6, 1982.
The defendant argues that Officer McCord's testimony relative to his conversation with the repair shop employee was impermissible hearsay and was not harmless as it contradicted the "bedrock" of his defense. The State acknowledges that the testimony should not have been admitted but asserts that the error was harmless in light of the other evidence against the defendant.
Hearsay is "testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matter asserted therein, and thus resting for its value upon the credibility of the out of court asserter." State v. Martin, 458 So.2d 454, 460 (La.1984); State v. Martin, 356 So.2d 1370, 1373 (La.1978). See also State v. Watson, 449 So.2d 1321 (La.1984), cert. denied, ___ U.S. ___, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985). The testimony to which the appellant objected was clearly offered "to show the truth of the matter asserted," i.e. the appellant's car was released from the repair shop prior to the date of the offense. Thus, the statement was hearsay. LSA-R.S. 15:434 provides that hearsay evidence is inadmissible except as otherwise provided by the Code. The testimony at issue in the instant case does not fit any of the well recognized exceptions to the hearsay rule (i.e. admissions, exited utterance, dying declaration, etc.).
In State v. Banks, 439 So.2d 407 (La. 1983), the Court set forth the test to be applied to determine whether improperly admitted evidence created error that was harmless. The Court held that in order to find such error harmless, the reviewing court "must be able to determine, beyond a reasonable doubt, that the improperly admitted hearsay did not contribute to the verdict." Id. at 409. See also State v. Gibson, 391 So.2d 421 (La.1980). Here, the testimony of Officer McCord to which the appellant objected squarely contradicted his contention that he did not have possession of his car at the time of the purse snatching because it was in the repair shop.
The evidence against the defendant consisted of an eyewitness identification of the defendant and the license number of his car. Both were obtained at night under less than optimal conditions. The eyewitness got only a brief look at the driver of the vehicle and observed the license number of the getaway car while the vehicle was in motion.
Under these circumstances, the defendant clearly had a tenable defense of mistaken identification. Because Officer McCord's impermissible testimony directly contradicted defendant's testimony and bolstered the prosecution's case, we cannot say that it was harmless beyond a reasonable doubt.
Accordingly, the defendant's conviction and sentence are set aside and the case remanded to the trial court for a new trial.
REVERSED and REMANDED.