BARRY, Judge.
The defendant was convicted of second degree murder, La.R.S. 14:30.1, and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.
At approximately 7:30 a.m. on June 3, 1985 the body of Louis Lazard was found in a courtyard of the Iberville Housing Project. An autopsy revealed Lazard died *569 from a gunshot wound to the head. Chris Carriby, a witness to the shooting, was walking in the area and saw Lazard and Mitchell Blakely leave a building. Carriby then saw the defendant jump out of a hallway and fire at Lazard. Carriby testified that Blakely also shot at Lazard and that the defendant fired at him. The defendant and Blakely jumped into a nearby car and drove from the scene. Carriby identified the defendant and Blakely from separate photographic lineups.
Blakely pled guilty to manslaughter and testified that he and the defendant were partners in the sale of narcotics. Blakely stated that Lazard, a rival drug dealer, planned to kill the defendant so that he could become Blakely’s partner.
The defendant testified that he had delivered drugs to Blakely that morning and accompanied him to Lazard’s because he thought Blakely was going to shoot La-zard. He said Lazard glanced at him and acted as though he was drawing a gun. The defendant saw a flash and fired, but admitted Lazard did not shoot.
The defendant contends the trial court erred by refusing to allow him to question Carriby (who allegedly sold drugs for Lazard) about a pending aggravated battery charge. The defendant argues that Carriby testified for the State in exchange for favorable consideration on his pending charge.
The State admits that an accused may delve into open charges against a witness in order to show bias, interest or corruption; however, the State asserts the defense was unable to prove that any promises or inducements were made for Carri-by’s testimony.
La.R.S. 15:495 specifies that a conviction, not an arrest or pending charge, may be used to impeach a witness. However, R.S. 15:492 provides:
When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same.
During cross-examination defense counsel questioned Carriby concerning a plea bargain. Prior to the State’s objection Carriby testified that no bargain was made. The jury was removed and defense counsel argued that Carriby’s attorney had informed him that although there was no binding agreement, the State planned to review Carriby’s case after he testified. The trial judge allowed defense counsel to question Carriby about “any promises or inducements [which] were offered to him to get him to testify in this particular case.” Carriby again denied the existence of a plea bargain. Thus, the defense was afforded an opportunity to show bias or self-interest attached to Carriby’s testimony. See State v. Rankin, 465 So.2d 679 (La. 1985).
There is no proof that there was an agreement between Carriby and the State.
The defendant next contends the trial court erred by refusing to allow his testimony regarding Lazard’s plot to kill him. He maintains that after Blakely informed him of Lazard’s plan, he confronted Lazard who attempted to shoot him. He argues self-defense and claims his testimony about his discussion with Blakely would explain his apprehension and justify his carrying a gun. He claims his fear was that Lazard would kill him or that Blakely v/ould kill Lazard.
Hearsay is testimony on a statement made by another person which is offered to show the truth of the matter asserted, thus resting upon the credibility of the out of court asserter. State v. Martin, 458 So.2d 454 (La.1984); State v. Phillips, 471 So.2d 319 (La.App. 4th Cir.1985).
Although the defendant was not allowed to testify as to what Blakely told him concerning Lazard’s plan, Blakely did testify about the plot. The defendant said he carried the gun to protect Blakely because he believed Blakely planned to shoot Lazard because of a fight the prior evening.
*570 Obviously the defendant was not aware of the alleged plot to kill him until after he killed Lazard. However, even if he had testified regarding the plot on his life, his self-defense claim would not have been bolstered.
Neither of defendant’s assignments have merit. His conviction and sentence are affirmed.
AFFIRMED.