HERBERT A. CADE, Judge Pro Tem.
Kirk Lamothe appeals his conviction and twenty year sentence for armed robbery, a violation of LSA-R.S. 14:64. His attorney *806 has requested that we examine the record for errors patent, and Lamothe has filed a pro se brief raising four assignments of error. We affirm.
BACKGROUND
At approximately 9:30 p.m. on November 11, 1982, as he was leaving a supermarket on the westbank of New Orleans the teen aged male victim was accosted by Everett Carter and Kirk Lamothe. At gunpoint the victim surrendered his wallet and cigarette lighter and was then forced to a secluded area where he was threatened and pistol whipped by Lamothe.
Carter and Lamothe then devised a scheme to lure the victim’s mother from her home, then have the victim return to his home, get more money and bring the money to them. The victim was allowed to go home but arranged to have the police called instead of returning with the money.
Having been informed of the location and the description of the assailants, the police effected their arrest. As the officers approached, they observed Carter throw a shiny object into the grass. A loaded pistol was retrieved from the grass, and the victim’s wallet was found in Lamothe’s back pocket. Carter and Lamothe were identified by the victim.
Both Carter and Lamothe were thereafter charged with armed robbery, found guilty after a trial by jury, and sentenced to twenty years each at hard labor, with credit for time served and without benefit of probation, parole, or suspension of sentence. Lamothe has appealed.[1]
ERRORS PATENT
Before turning to the arguments raised, we note two irregularities on the face of the record. The record fails to indicate that Lamothe was present at the arraignment and pleading, but does state that his attorney was present and entered a plea of not guilty. This irregularity has been waived, however, since the defendant proceeded to trial without objecting. See LSA-C.Cr.P. Art. 555; State v. Green, 463 So.2d 657 (La.App. 4th Cir.1985).
Although we note another discrepancy in a minute entry which stated that the defendant was denied “pardon", parole and suspension of sentence, because the sentencing transcript correctly reflects that the defendant was denied “parole, suspension of sentence and probation” we find no prejudicial error.
With the above exceptions, we find no errors patent.
PREJUDICIAL REMARKS OF VICTIM
In his first pro se assignment of error, defendant contends that the trial judge erred in failing to declare a mistrial after the victim prejudicially made reference to an earlier crime committed by the defendant. Specifically, the defendant complains of the following exchange between the victim and the prosecutor:
Q. “They — who put the gun in the back of your head?
A. “Kirk. Kirk. And, they—
Q. “Did they say anything at that time?”
A. “He said that some white people had put him in jail and that he was catching back.”
Q. “What did he do next?”
Defendant argues that the reference to an earlier crime was prejudicial and warranted a mistrial under LSA C.Cr.P. Art. 770(2). He further contends that the reference violated his Fifth Amendment right against *807 self-incrimination since he did not take the stand in his own behalf during trial.
Article 770(2) applies only to prejudicial remarks made in the presence of the jury by the judge, district attorney, or a court official. It does not apply to comments made by a witness and therefore has no application to this case. LSA-C.Cr.P. 770 comment (d); see State v. Perry, 420 So.2d 139 (La.1982); State v. Morgan, 454 So.2d 364 (La.App. 4th Cir.1984). As to prejudicial remarks of witnesses, Article 771(2) is controlling and requires admonition “upon request of the defendant,” and permits the court to declare a mistrial “if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.” The record shows that admonition was not requested by defendant. In such a case there is no error in denying a motion for mistrial. See Morgan, 454 So.2d at 370. (La.App. 4th Cir., 1984). Further, a mistrial is a drastic remedy, and a trial judge’s decision to deny a motion requesting it will not be reversed unless the judge abused his or her discretion. LSA-C.Cr.P. 921; State v. Narcisse, 426 So.2d 118 (La.1983).
This assignment of error lacks merit.
HEARSAY TESTIMONY
Defendant further contends the trial judge erred in admitting evidence of a telephone conversation between one of the perpetrators and the victim’s mother. Over defense counsel’s objection, the victim’s mother related what the robber had told her on the phone during the course of the crime:
“I just want to let you know that your son, Paul, was shot and he is at Jo Ellen Smith Hospital.... This is a friend of his and I was with him when it happened.”
According to defendant, this hearsay testimony was admitted without a proper foundation as to the identity of the caller.
Hearsay testimony is a statement, other than one made by the declarant while testifying at trial, that is offered in evidence to prove the truth of the matter asserted. State v. Martin, 458 So.2d 454 (La.1984); State v. Firstley, 503 So.2d 568 (La.App. 4th Cir.1987); State v. Phillips, 471 So.2d 319 (La.App. 4th Cir.1985). On the other hand, evidence is non-hearsay when offered non-assertively to prove that the utterance occurred, or that a conversation took place, rather than to prove the truth of the facts recited. State v, Naas, 409 So.2d 535 (La. 1981); State v. Mason, 447 So.2d 1134 (La. App. 1st Cir.1984).
The victim’s mother’s testimony was not offered to prove the truth of whether or not her son had been shot, but was offered merely to show that she had received a phone call. In this regard, her testimony simply corroborated the victim’s testimony that one of the perpetrators had left the scene to make a phone call during the crime. Under these circumstances, the trial judge properly denied defendant’s hearsay objection.
EXCESSIVE SENTENCE
In this third assignment of error, Lamothe contends that his twenty year sentence, without benefit of probation, parole, or suspension of sentence, is excessive. Defendant argues that at the time of the incident he was a seventeen year old student who came from a “balanced family”, had not been convicted before as an adult, and did not live a “life of crime”. Defendant argues that the entire incident was only a “prank” perpetrated by “amateur school kids”.
In imposing the twenty year sentence, the trial judge articulated the facts of the crime, noting that Lamothe and his co-defendant had used a gun and had threatened the victim. The trial judge stated:
“It happened to a young man who was absolutely scared out of his mind. I have given consideration to the fact that you’re eighteen years old and it gives me great pain, but I want to tell you something. This is so cruel. This is so incredible that for me to impose a light sentence in this particular matter or a lighter sentence than the one I imposed on Mr. Carter would be ridiculous because of the seriousness of the offense, and because of the facts as they were *808 elicited during trial and the incredible behavior of you and Mr. Carter.”
Although within the statutory limits, a sentence may be unconstitutionally excessive if it is grossly out of proportion to the severity of the crime and is nothing more than the purposeless and needless imposition of pain and suffering. State v. Lathers, 444 So.2d 96 (La.1983); State v. Brumfield, 496 So. 425 (La.App. 4th Cir.1986), writ denied 503 So.2d 13 (La.1987). Under LSA-C.Cr.P. Art. 894.1, there must be an adequate factual basis in the record for the sentence imposed. State v. Dawson, 490 So.2d 560 (La.App. 4th Cir.1986).
Having reviewed the sentencing transcript, we conclude the trial judge adequately complied with the requirements of LSA-C.Cr.P. Art. 894.1 and that the twenty year sentence imposed is not excessive. The defendant and his accomplice ordered the victim to strip to his underwear, put a loaded gun to his head, eye, and mouth, threatened to kill him, beat him to such an extent that he required stitches to close a cut to his head, and made continued threats in a lengthy effort to obtain more money from him after robbing him of his personal property at gun point. Considering the seriousness of this offense and the humiliation, terror, and injury the victim endured, we find no abuse of the trial judge’s sentencing discretion. State v. Washington, 414 So.2d 313 (La.1982).
This assignment lacks merit.
INEFFECTIVENESS OF COUNSEL
In his final assignment of error, defendant argues that his appointed counsel ineffectively represented him at trial. Specifically, Lamothe argues that his attorney failed to raise a valid defense by presenting the defendant’s version of the incident. Lamothe contends the elements of the crime of robbery are lacking since the victim was his high school acquaintance who owed him a gambling debt and had voluntarily given him his identification cards and lighter for collateral until he returned with money from his home to pay the debt. According to Lamothe, he gave his attorney names of witnesses who could have verified that the victim and defendant knew each other and that the defendant had a good character. Lamothe argues that had his attorney subpoenaed these witnesses, their testimony would have either vindicated him or mitigated his sentence.
A defendant’s claim of ineffective assistance of counsel is assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that his counsel’s performance was deficient and that the deficiency prejudiced him such that he was deprived of a fair trial. State v. Landry, 499 So.2d 1320 (La.App. 4th Cir.1986). Although a claim of ineffective assistance of counsel is properly considered on a writ for post-conviction relief, when the district court judge may order a full evidentiary hearing in the matter, the issue may be raised by an assignment of error on appeal and considered in the interest of judicial economy, if the record discloses sufficient evidence to decide the issue. State v. Landry, supra, State v. Seiss, 428 So.2d 444 (La.1983).
The evidence considered, we find no merit to defendant’s claim of ineffective assistance of counsel. Although the victim thought he knew Lamothe at the time of the crime, he testified that he found out who he was “a couple of days after”. In light of the overwhelmingly incriminating evidence against Lamothe, including the beating and threats to kill the victim during the armed robbery, it is highly unlikely that the jury would have believed defendant’s story or would have been influenced by any witnesses who may have testified that the defendant and the victim knew each other. Similarly, the lack of character witnesses during the sentencing phase of the trial had no significant effect on the conviction or sentence imposed in light of the aggravating circumstances of the crime.
Defendant was represented at trial by an attorney who raised several objections and cross examined the State’s witnesses. The attorney’s decision not to call character witnesses or to have the defendant testify was *809 a matter of trial tactics and strategy that did not prejudice his right to a fair trial.
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Carter’s conviction and sentence were affirmed in a separate appeal on March 14, 1984. Although both defendants filed an application for post-conviction relief on November 12,1985, this court denied relief as to Carter but refused to review Lamothe’s application since his appeal was pending.
On February 14, 1986, Lamothe filed an application for post-conviction relief with the Supreme Court and a pro se appeal brief with this court. On July 10, 1986, his appointed attorney filed an errors patent brief. On October 10, 1986 the Supreme Court granted Lamothe’s application for post-conviction relief and remanded the case to this court for determination of the status of his appeal. The case is now before us in this posture. The arguments raised in Lamothe’s application for post-conviction relief are identical to those raised in his pro se appellate brief.