516 So.2d 196 (1987)
STATE of Louisiana
v.
Reginald HAYWOOD & Michael Lewis.
No. KA-6920.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1987.
Joseph Neves Marcal, III, New Orleans, for appellant Reginald Haywood.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant Michael Lewis.
William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., for appellee.
Before KLEES, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
Defendants, Michael Lewis and Reginald Haywood were convicted of two counts of attempted armed robbery, a violation of R.S. 14:27 and 14:64. They were sentenced to 40 years at hard labor on each count with their sentences to run concurrently. We affirm the convictions and sentences of both defendants.

*197 FACTS
On the evening of April 13, 1985, Maxwell Higdon left his home on Esplanade Avenue to visit a friend who lived nearby in the French Quarter. While waiting for his friend to answer the doorbell, Higdon noticed two black males on the other side of the street. The men approached him and one of them demanded the gold chain and ring he was wearing. Higdon refused, and the shorter of the two men fired a gun at him, but missed. When Higdon attempted to take the gun away, the taller of the men hit him in the face with a heavy chain. The two men then fled the scene.
That same night, Donna Anderson and her fiance Gregory Corrales, a police officer with the San Francisco police department, were walking back to their hotel in the French Quarter when they were approached by the defendants. According to the couple's testimony at trial, Lewis grabbed for Ms. Anderson's purse. He also demanded Mr. Corrales' money. When Mr. Corrales refused, Lewis hit him with a heavy chain which Mr. Corrales described as one that would be used to secure a motorcycle. As Mr. Corrales stumbled from the blow, his fiancee ran into a nearby hotel and summoned the police. In the meantime, Mr. Corrales struggled with Lewis, who continued to beat him with the chain. After a short scuffle, the two defendants then ran off.
Mr. Corrales pursued his attackers and yelled for passers by to stop the men. During the chase, Haywood fired a gun at Mr. Corrales. Fortunately, the shot missed. At this point police officers, who had received a report of shots being fired in the vicinity, intervened. As they arrived at the scene, the officers saw several white males chasing two black males. One of the white males was screaming that he had just been robbed by the men he was chasing. One of these men, later identified as Reginald Haywood, was arrested. Pursuit of the second suspect, was unsuccessful.
Mr. Corrales made an on the scene identification of Haywood as one of his attackers. Haywood was wearing a holster at the time of his arrest. A gun was found inside the fence of a nearby Park. The second defendant, Michael Lewis, subsequently turned himself in to the Jefferson Parish Sheriff's Department.
In the meantime, Mr. Higdon the first victim, had been wandering the area in a daze from the blow to the head he had received from Lewis. He first attempted to go to a friend's house for help, but no one was home. He then decided to return to the scene of the crime and call the police. When he arrived he saw the police, who had just arrested Haywood following the second incident, and recited his story to them. He identified Haywood as the man who shot at him, and was then taken to the hospital for treatment of his facial injuries. He is still facing surgery for reconstruction of his face and nasal cavity. He has also seen psychiatrists in an attempt to overcome the psychological trauma of his experience.
At trial, Lewis took the stand and denied that he or Haywood attacked or attempted to rob either victim. He claimed that Mr. Corrales tried to arrest him for disturbing the peace and that a fight ensued when he challenged Corrales' authority to make the arrest. He disclaimed any knowledge of a gun, and denied ever encountering Mr. Higdon.
On appeal, Lewis' only assignment of error is that his sentence was excessive. Haywood makes a similar complaint, but also claims that he received ineffective assistance of counsel at trial. Finally, he claims that the trial court, on its own motion, should have severed his trial from Lewis. We will first address Haywood's assignments of error.

INEFFECTIVE ASSISTANCE
Generally, a claim alleging ineffective assistance of counsel should be treated in an application for post conviction relief. State v. Poche, 464 So.2d 969 (La. App. 4th Cir.1985). However, if the record discloses sufficient evidence to rule on the merits of the claim, then the interests of judicial economy justify consideration of the issue on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 *198 So.2d 528 (La.1982); State v. Landry, 499 So.2d 1320 (La.App. 4th Cir.1986); State v. Robinson, 461 So.2d 403 (La.App. 4th Cir. 1984). In the instant case, the merits of the allegations made by Haywood's appellate counsel cannot be determined solely on the basis of the record before us. Under these circumstances, it would be inappropriate to address the issue at this time. We therefore leave the matter for consideration as part of an application for post conviction relief which Haywood may file in the district court. See C.Cr.P. Arts. 924, et seq.

SEVERANCE
Haywood argues that the trial court should have severed his trial from Lewis' on its own motion. We disagree.
Under C.Cr.P. Art. 704:
Jointly indicted defendants shall be tried jointly unless:
(1) The state elects to try them separately; or
(2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance. (emphasis added)
There is no legal basis for Haywood's contention that the trial court should have ordered a severance his trial on its own motion. The clear wording of C.Cr.P. Art. 704 leaves no doubt that the defendant must move for severance. The trial court does not have the power to so do on its own motion. This assignment is without merit.

SENTENCE
Both Haywood and Lewis claim that their sentence is excessive. Article I Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be reviewed for excessiveness even though it is within statutory limits. State v. Cann, 471 So.2d 701 (La.1985); State v. Thomas, 447 So.2d 1053 (La.1984); State v. Brumfield, 496 So.2d 425 (La.App. 4th Cir.1986); writ den. 503 So.2d 13 (La.1987). The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless imposition of pain and suffering." State v. Brumfield, supra; State v. Caston, 477 So.2d 868 (La.App. 4th Cir. 1985); State v. Nelson, 449 So.2d 161 (La. App. 4th Cir.1984). In order to ensure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. Art. 894.1.
In the instant case, the trial judge gave the following reasons for the defendant Michael Lewis' sentence:
Alright, Michael Lewis, this defendant stands convicted by jury of the crime of armed robbery at two counts, I am sorry, attempted armed robbery. The facts adduced at trial show the defendant and an accomplice attempted to rob the first victim of a gold chain, shooting at him and beating him in the process. In the second attempt the two accosted the victim and his wife just a few minutes later and three blocks from the scene of the first attempt. There they demanded the victim's money, attempted to take his wife's purse and struck him with the same heavy chain which was used against the first victim. The Court has considered the sentence in this case under the provisions of Code of Criminal Procedure Article 894.1 and finds as follows: The defendant is twenty-two years old, single and apparently unemployed. Although the defendant has no substantial history of prior criminal activity his conduct in the instant case both threatened and caused serious harm to the victims, one of whom is still being treated by physicians for the psychological trauma induced by this vicious attack, and for the reconstruction of his face, one side of which was shattered by the heavy chain wielded by this defendant. Based upon the foregoing, it is the Court's opinion that the defendant's crimes would be seriously deprecated by any lesser sentence than that which is about to be imposed. It is therefore the sentence of this court that the defendant Michael Lewis serve *199 forty (40) years at hard labor in the custody of the Department of Corrections on each count without benefit of parole, probation, or suspension of sentence.
From the foregoing, it is clear that the trial judge adequately complied with C.Cr. P. Art. 894.1. Lewis severely beat his victims to the point where one victim must still undergo reconstructive surgery. He also laughed at his other victim as he beat him with a chain. Given these circumstances, we see no error in the trial court's sentence.
As to Reginald Haywood's sentence, the trial court gave the following reasons:
Reginald Haywood, this defendant stands convicted by jury of two counts of attempted armed robbery. The facts show that he and an accomplice attempted to rob three different people within the space of a few minutes and a few blocks apart. The defendant fired at two of the victims and his accomplice struck both of them with a heavy chain. The Court has considered sentence under the provisions of Code of Criminal Procedure Article 894.1 and finds as follows: The defendant is twenty years old, single, and apparently unemployed. He has no criminal record, however his conduct is so unmitigated that no clemency is warranted under the circumstances. When he fired three shots at two of his victims, he certainly must have contemplated that his conduct would cause or threaten serious harm. This type of conduct results in first degree murder in this city with increasing frequency. This Court considers such conduct wanton and feels that a lesser sentence will deprecate the seriousness of the defendant's crimes. It is therefore the sentence of this court that the defendant, Reginald Haywood, serve forty (40) years at hard labor in the custody of the Department of Corrections on each count without benefit of parole, probation, or suspension of sentence. Remand the defendant.
Haywood shot at two victims and was lucky that he did not cause anyone bodily harm. He freely and voluntarily participated in two crimes with his co-defendant Michael Lewis, guarding the situation with a loaded gun as he watched the victims being beaten with a heavy chain. His argument that he fended off violent victims due to confrontations started by his co-defendant is without merit. The fact that the trial court erred by stating that Haywood was unemployed does not alter the primary reason for the sentence; namely the violent and potentially fatal nature of Haywood's action. We find no error in this defendant's sentence.

ERRORS PATENT REVIEW
A review of the record for errors patent reveals that no arraignment was conducted for either defendant on count two. This error was deemed waived when the defendants went to trial without objecting. C.Cr.P. Art. 555. State v. Dixon, 471 So.2d 282 (La.App. 4th Cir.1985); State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir. 1986).
The record also reveals that defendant, Reginald Haywood, was not present at the arraignment on count one. However, his attorney was present and entered a plea of not guilty on his behalf. This irregularity is also deemed waived. State v. Green, 463 So.2d 657 (La.App. 4th Cir.1985).
For the foregoing reasons, the convictions and sentences of both defendants are affirmed.
AFFIRMED.