456 So.2d 192 (1984)
STATE of Louisiana
v.
Thomas R. MELTON.
No. KA-1368.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1984.
*194 Charles R. Jones, New Orleans, for appellant.
William Guste, Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry Connick, Dist. Atty., Joanne C. Marier, Asst. Dist. Atty., New Orleans, for appellee.
Before GULOTTA, BARRY and CIACCIO, JJ.
CIACCIO, Judge.
Defendant, Thomas R. Melton, Sr., was charged with the illegal and intentional procurement, receipt and concealment of a 1977 Ford pickup truck, with a value of forty-five hundred ($4500) dollars. R.S. 14:69. He was found guilty by a unanimous vote of a six-man jury and was sentenced, as a multiple offender, to serve twenty (20) years at hard labor in the Department of Corrections. R.S.15:529.1. The defendant appeals his conviction and sentence relying upon six (6) assignments of error. We affirm the defendant's conviction, vacate his sentence and remand the case for resentencing in accord with the dictates of this opinion.
On the evening of July 6, 1981, as a result of an anonymous tip, four police officers of the Fifth District in New Orleans were notified that there were two black male subjects in the area of Columbus and North Robertson Streets dismantling a vehicle. Officers Taggert and Cole approached the area in their police vehicle and drove midway into the driveway of the parking lot adjacent to the Crescent Arms Complex apartments. These officers observed Officers Matteo and McCord on the scene in their unmarked vehicle. Matteo and McCord cautioned the other officers not to move. At that time Melton and a co-defendant, Bobby Rocker, were observed removing a right side mirror from a 1977 black Ford pickup truck which was parked at an angle in the parking lot. The defendant, upon noticing the police officers, turned away and began to move hastily towards Columbus Street. The subjects were ordered to stop and Officer McCord conducted a pat down of Rocker whereupon a pliers and screwdriver were recovered. Officer Matteo checked the vehicle's license and ran a computer check to ascertain whether the vehicle was stolen. Upon being *195 advised that the vehicle belonged to Mason Haywood and that it had been reported as stolen on that day, Melton and Rocker were advised of their rights and placed under arrest.
As the policemen attempted to place the two defendants in the police car for transportation to police headquarters, Melton indicated that he wanted to step aside to talk to the arresting officers. Melton agreed to show the officers the location of the stolen property. He disclosed to them that Rocker had stolen the vehicle and then procured Melton's assistance in dismantling it. They removed five tires, a pump jack and assorted tools from the truck. They sold these items for $60.00 to an auto parts store which is located at Banks and South Miro Streets. The money was used to buy narcotics for use by the co-defendants. The property described by Melton was recovered from the auto parts store, photographed and taken to the owner. The owner was called to the scene of the crime where he identified his truck, reassembled the vehicle and removed it from the area.
Defendant Melton was transported to police headquarters where he was again advised of his rights, was given an arrestee's rights form and a written copy of his statement to sign.
Assignment of Error No. 1
The defendant objected and assigned error to the actions of the trial court in admitting his confession into evidence. The defendant contends that because he was under the influence of drugs that his statements were not the result of a free and voluntary waiver his constitutional rights.
The criteria for admissibility of confessions is set forth in Revised Statute 15:451, which provides:
R.S.15:451. Condition precedent to use of confession; free and voluntary rule Before what purposes to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menances, threats, inducements or promises.
Where the defendant's confession is made while he is in custody, in order for that confession to be admissible at trial there must be a showing that the accused was advised of his rights and that he made an intelligent waiver of those rights. State v. Benoit, 440 So.2d 129 (La.,1983) citing Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Thus, when intoxication renders a defendant incapable of understanding and knowingly waiving his rights, the confession shall be inadmissible. State v. Robinson, 384 So.2d 332 (La.,1980). Whether intoxication exists and is of a degree to vitiate the voluntariness of a confession are questions of fact. State v. Robinson, id.
Accordingly the determination by a trial court that a statement is free and voluntary is entitled to great weight and it will not be disturbed unless it is not supported by the evidence. State v. Benoit, supra.
In the instant case, although there is evidence that the defendant procured narcotics with the money received from the sale of the truck parts, there exists ample evidence that the defendant was advised of his Miranda rights, supra, and that he knowingly and voluntarily waived those rights.
That is, the defendant was advised of his constitutional rights at the time of his arrest and at police headquarters where he was given a written form to sign which informed him of these rights.
Officer Norman McCord testified that the defendant appeared "sober" and "conscious" at the time of the confession. Additionally, he testified that the defendant did not appear "high" at that time. The defendant appeared to understand what he was doing and he was not induced by promises, threatened, nor co-erced into making the confession. Since the evidence supports the trial judge's decision that the defendant's confession was free and voluntary, it was properly admitted into evidence. *196 For these reasons Assignment of Error No. 1 lacks merit.
Assignment of Error No. 2
The defendant by this assignment of error alleges that the trial court erred in refusing to grant the defendant a mistrial as a result of prejudicial remarks made by the prosecutor in closing argument.
The prosecutor argued that the defendant had a motive for the crime in that he was a "junkie" who used the money from the sale of the auto parts to pay for "T's and Blue's." He further argued that "things have to be taken, they have to be possessed, they have to be sold, money has to be gotten for them to pay for drug habits ... And all you have to doall of ya'll are aware of the crime problem in this City" The defendant objected and requested a mistrial. The mistrial was denied and the court instructed the jury on two occasions to disregard these remarks.
The scope of argument shall be confined to the evidence admitted, the lack of evidence, the conclusions of fact that the State or defendant may draw therefrom and the applicable law. C.Cr.P. Art. 774. The argument may not appeal to prejudice. C.Cr.P. Art. 774.
When the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant in the mind of the jury, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant of a fair trial. C.Cr.P. Art. 771.
In the instant case, there exists testimony regarding the defendant's use of drugs. It is questionable however whether the use can be catagorized as a drug habit. Moreover, the prosecutors remarks concerning crime in the city was without evidentiary foundation and was clearly improper.
Mistrial is a drastic remedy and is warranted only where the error results in substantial prejudice to the defendant. State v. Williams, 375 So.2d 364 (La.,1979). In making the determination of whether to grant a mistrial, the trial court has wide discretion and its decision will not be disturbed absent a clear abuse of discretion. State v. Ates, 418 So.2d 1326 (La.,1982).
The remarks of the prosecutor were improper, but the admonition by the trial court judge to the jury to disregard the comment was sufficient to neutralize any harmful effect that the comment may have had.
The trial judge did not err in his refusal to grant a mistrial. This assignment lacks merit.
Assignment of Error No. 3
The defendant contends, by this assignment of error, that the trial judge erred when he instructed the jury that one of the elements of the crime was the "possession" of stolen property.
At the time of this trial, the statute under which this defendant was charged read as follows:
R.S.14:69[1] Receiving stolen things
Receiving stolen things is the intentional procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicated that the offender knew or had good reason to believe that the thing was the subject of one of these offenses. (Emphasis Supplied)

* * * * * *
The statute under consideration does not include the term "possession". However, since the term "receive" is by definition "to take into possession or custody", the charge of the judge constituted harmless error. See Black's Law Dictionary, Fifth Edition (1979). This assignment lacks merit.
Assignment of Error Nos. 4 & 5
The defendant objected and assigned error to the actions of the trial judge in accepting certain documentary evidence as *197 sufficient support for a sentence under the multiple offender statute. R.S.15:529.1.
The defendant first complains that the trial court erred when it accepted an uncertified copy of the criminal transcript of the defendant's prior guilty pleas in case Doc. Nos. 269-717 and 269-152.
The trial judge has great discretion in determining the sufficiency of the foundation which is necessary for the introduction of evidence. State v. Peters, 302 So.2d 888 (La.1974). The rule of authentication, evidencing the genuineness of a particular document, must always be satisfied. State v. Martin, 356 So.2d 1370 (La.,1978), app.aft. remand, 372 So.2d 563 (La.1979).
According to Revised Statute Title 15 Section 529.1 subsection (F) the prior conviction may be established by "The certificates of the Clerk of Court of the place of conviction in the state of Louisiana, under the seal of his office, if he has a seal... shall be prima facie evidence ..." While this section establishes one method of proof of prior convictions, the facts necessary to permit enhanced punishment may also be proved by other competent evidence. State v. Blackwell, 377 So.2d 110 (La.,1979).
In State v. Rowell, the Louisiana Supreme Court held that the records on file with the Clerk of Court, which were otherwise admissible in judicial proceedings, could be introduced in original form or by a certified copy and it would not be necessary for the Clerk or Deputy Clerk of Court to personally appear and testify to their authenticity. R.S.15:459. 306 So.2d 668 (La.,1975).
In the instant case there was no predicate established for the introduction of this evidence. The only person to testify at the hearing was Lee Comeaux, a fingerprints expert and a New Orleans policeman assigned to the criminal records section of the Department. However, it was never established that Officer Comeaux ever had custody of the subject transcript. No one from the Clerk's Office, where the records were purportedly kept, testified as to their custody. The document was a copy and did not contain a certificate indicating that this was a copy of the original record purportedly kept in the Clerk's office. The only certificate on the document is one of a stenographer who was the court reporter. The court reporter did not testify and the certificate of the court reporter only indicated that this was a transcript of her notes. The statement of the trial judge to the effect that he recognized the court reporter's signature on this court reporter certificate was not sufficient to authenticate these documents.
Accordingly for this reason the case will be remanded in order that another sentencing hearing can be conducted which comports with the dictates of this opinion.
Next, the defendant, by assignment number 5, contends that the fingerprint evidence linking the defendant to the conviction contained in docket number 269-717 was inadequate. The defendant complains that the reverse side of the bill of information did not contain his fingerprints.
The record indicates that at the Multiple Bill hearing, Officer Lee Comeaux testified that the defendant's prints matched those on the arrest register from the previous case. The State introduced the transcript from the plea of guilty hearing from this case (also attached to the defendant's brief) which clearly indicates that Thomas Melton pled guilty to this crime. Thus, the State affirmatively proved that the defendant was the same person who was convicted of the prior offense.
For these reasons assignment of error Number 5 lacks merit.
Assignment of Error No. 6
The defendant contends that his sentence of twenty (20) years imprisonment at hard labor without benefit of parole, probation or suspension of sentence is excessive. La. Const. Art. 1, Sec. 20.
The statutorily prescribed penalty for illegal possession of stolen property, valued in excess of five hundred ($500) dollars, provides the defendant "shall be imprisoned with or without hard labor, for not *198 more than ten years, or may be fined not more than three thousand dollars or both." R.S.14:69. Such a penalty can be enhanced by as much as twice the maximum sentence if it is determined that the defendant is a second or third offender who would have been punished by less than a life term. R.S.15:529.1.
In order to determine whether a particular sentence is excessive, the reviewing court must decide whether it is so disproportionate to the severity of the crime as to shock the sense of justice. State v. Bonanno, 384 So.2d 355 (La., 1980). In reaching this determination, the Supreme Court is aided by the judge's reasons for imposition of sentence. State v. Stegall, 377 So.2d 103 (La., 1979). The court must consider the sentencing guidelines before imposing a sentence of imprisonment. C.Cr.P. Art. 894.1, State v. Williams, 397 So.2d 1287 (La., 1981). The law mandates that the trial court state for the record the considerations and factual basis for the sentence imposed. C.Cr.P. Art. 894.1. State v. Forshee, 395 So.2d 742 (La., 1981); State v. Jones, 386 So.2d 85 (La., 1980); on appeal from remand 398 So.2d 1049 (La., 1981). The sentence imposed by the court must be individualized, that is, adapted to the offender as well as to the offense. State v. Wright, 384 So.2d 399 (La., 1980); State v. Little, 377 So.2d 332 (La., 1979). The trial court need not articulate every aggravating and mitigating circumstance, but the record must reflect that the court adequately considered the sentencing guidelines in particularizing the sentence to the defendant. See: State v. Gray, 404 So.2d 1215 (La., 1981). State v. Franks, 373 So.2d 1307 (La., 1979), on appeal from remand, 391 So.2d 1133 (La., 1980); cert. den., 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818.
The record indicates that in sentencing the defendant the trial judge took into consideration several militating factors. That is, he considered the several prior arrests and convictions of the defendant. He expressed the opinion that the defendant was a career criminal and the only way to keep him from stealing was to incarcerate him. The judge also stated that any lesser sentence would deprecate the seriousness of the crime. The essence of the judge's ruling focused upon these factors with little or no reference to the Louisiana statutory guidelines for sentencing and with little or no reference to any mitigating factors. C.Cr.P. 894.1.
Since we are unable to review the excessiveness of defendant's sentence because it was imposed without proper compliance with the statutory guidelines for sentencing, we must set the sentence aside and remand for resentencing.
Additionally, as previously stated, since the evidence introduced at the multiple bill hearing was insufficient, the defendant's sentence could not be enhanced on this basis.
Accordingly, the defendant's conviction is affirmed. The sentence is vacated and the case is remanded to the district court for further proceedings and for imposition of sentence in accord with the opinion expressed herein.
CONVICTION AFFIRMED. SENTENCE VACATED AND CASE REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] The statute was amended in 1982 to read "... the intentional possessing, procuring, receiving or concealing of anything of value ..." (Acts 1982, No. 522, Sec. 1)