BYRNES, Judge.
Defendant, Arthur Manning, appeals his sentence from a conviction for distribution of heroin, a violation of LSA R.S. 40:966. Manning was sentenced to ten years at hard labor without benefit of parole, probation or suspension of sentence.
On appeal defendant raises two assignments of error; first, that, the trial judge erred by imposing an illegal sentence; and second, that the sentence imposed was excessive. Having.reviewed the record, we find merit in both assignments and remand the case to the trial court for resentencing.
The imposition of a sentence may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or is “nothing more than the purposeless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), U.S. cert. denied, — U.S. -, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). In order to insure adequate review by the appellate court, the record must indicate that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. Art. 894.1 in determining the defendant’s particular sentence. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (1984).
The trial court need not state every aggravating and mitigating factor but the record must reflect that the judge adequately considered the sentencing guidelines. State v. Melton, 456 So.2d 192 (La. App. 4th Cir.1984). In the instant case, we have reviewed the record and note that the trial judge failed to consider any of the factors set forth in C.Cr.P. Art. 894.1. In fact, the only particularized factor in the record is the defendant’s birthdate. We therefore find that the sentencing hearing was inadequate and vacate defendant’s sentence.
We also note that under R.S. 40:966, the sentence for possession of heroin provides that the defendant is not eligible for probation or suspension of sentence. He is however eligible for parole. See LSA R.S. 40:966(C)(1). Thus, the trial judge’s sentence, which prohibited parole, was illegal.
For the foregoing reasons, we vacate defendant’s sentence and remand the case to the trial court for resentencing consistent with this opinion.
CONVICTION AFFIRMED: SENTENCE VACATED CASE REMANDED FOR RESENTENCING.