514 So.2d 585 (1987)
STATE of Louisiana
v.
Izra PERKINS.
No. KA-7004.
Court of Appeal of Louisiana, Fourth Circuit.
October 7, 1987.
*586 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Rockne L. Moseley, Joseph H. McCusker, III, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GULOTTA, C.J., and GARRISON and WARD, JJ.
GARRISON, Judge.
The defendant, Izra Perkins, was charged by bill of information with the illegal possession of stolen property valued in excess of $500.00, a violation of LSA-R.S. 14:69.[1] The defendant originally pled not guilty but later changed his plea to guilty as charged. He was later found guilty of being a quadruple offender and was sentenced to twenty years at hard labor without parole or good time. Defendant was also sentenced to six months in parish prison for contempt of court for refusing to have his fingerprints taken. This sentence was ordered to be served consecutively to his twenty year sentence. Defendant now appeals.
On January 10, 1986, at approximately 5:40 p.m., Officer Darryl Morgan of the New Orleans Police Department responded to a theft report made from a bar in the 900 block of Bourbon Street. Upon their arrival at the bar, Officer Morgan and his partner were approached by the alleged theft victim who pointed out the defendant, who was seated in the bar, as the perpetrator of the theft. After a discussion with the defendant, the victim decided not to press charges but asked for the return of some of his property from the defendant's car. The policemen walked with the alleged victim and the defendant to the defendant's car. After the defendant gave the police suspicious information as to the car's ownership, the police ran a check on the car and discovered it to be stolen. The defendant was then placed under arrest.
*587 In the first assignment of error, the defendant argues that the trial court erred in finding him to be a quadruple offender. The defendant was found to be a fourth offender on the basis of three prior convictions: a 1979 forgery conviction and a 1982 felony theft conviction, both in Calcasieu Parish, and a 1984 felony theft conviction in East Baton Rouge Parish. The defendant argues that the State failed to prove a prima facie case under the Habitual Offender Law because it did not submit photographs of the defendant from those cases as allegedly required by LSA-R.S. 15:529.1(F).
LSA-R.S. 15:529.1(F) states:
F. The certificates of the warden or other chief officer of any state prison, or of the superintendent or other chief officer of any penitentiary of this state or any other state of the United States, or of any foreign country, or of any chief officer of any parish or county jail in this state or any other state of the United States, or of the clerk of court of the place of conviction in the state of Louisiana, under the seal of his office, if he has a seal, containing the name of the person imprisoned, the photograph, and the fingerprints of the person as they appear in the records of his office, a statement of the court in which a conviction was had, the date and time of sentence, length of time imprisoned, and date of discharge from prison or penitentiary, shall be prima facie evidence of the imprisonment and of the discharge of the person, either by a warden or expiration of his sentence as the case may be under the conviction stated and set forth in the certificate.
In order to prove that a defendant is a habitual offender, the State need only establish by competent evidence that there is a prior felony conviction and that the defendant is the same person who was convicted of the prior felony. State v. Chaney, 423 So.2d 1092 (La.1982). Both this Court and the Louisiana Supreme Court have repeatedly held that the State bears this burden of proving identification by the testimony of an expert who establishes by fingerprint evidence that a convicted defendant in a case is the same person who was convicted of a prior offense or offenses. State v. Chaney, supra; State v. Barrow, 352 So.2d 635 (La. 1977); State v. Melton, 456 So.2d 192 (La. App. 4th Cir.1984).
In this case, Officer William Sable, assistant supervisor of criminal records, was qualified as an expert in the taking and comparison of fingerprints. He testified that the fingerprints taken from the defendant that morning and those taken from the person convicted of the three felonies listed above were all taken from the same person. Furthermore, certified copies of the minute entries and Boykin transcripts from all of defendant's guilty pleas resulting in his three prior convictions were introduced into evidence. Thus, based on the jurisprudence noted above, we find that the State carried its burden of proving identification at the multiple bill hearing and thereby provided sufficient evidence to support the finding that defendant is a quadruple offender. This assignment of error is without merit.
In his second assignment of error, the defendant argues that his sentence is excessive. However, defendant's twenty year sentence is the statutory minimum for a fourth offender. See R.S. 15:529.1. The constitutionality of this minimum sentencing provision has been upheld by the Louisiana Supreme Court. State v. Lawson, 410 So.2d 1101 (La.1982).
Defendant's argument that the trial court erred in sentencing him without parole eligibility is also without merit in that LSA-R.S. 15:574.4 specifically provides that: "A person convicted of a third or subsequent felony and committed to the Department of Public Safety and Corrections shall not be eligible for parole." Therefore, this second assignment of error is also without merit.
For the reasons stated above, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 14:69 states as follows:

A. Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
B. (1) Whoever commits the crime of illegal possession of stolen things, when the value of the things is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
(2) When the value of the stolen things is one hundred dollars or more, but less than five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
(3) When the value of the stolen things is less than one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of receiving stolen things or illegal possession of stolen things two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.
(4) When the offender has committed the crime of illegal possession of stolen things by a number of distinct acts, the aggregate of the amount of the things so received shall determine the grade of the offense.
C. It shall be an affirmative defense to a violation of this Section committed by means of possessing, that the accused, within seventy-two hours of his acquiring knowledge or good reason to believe that a thing was the subject of robbery or theft, reports that fact or belief in writing to the district attorney in the parish of his domicile.