WARD, Judge.
Writ denied.
While ordinarily we order Trial Courts to furnish Boykin and sentencing transcripts, this case presents an appropriate situation in which to make an exception to this practice.
Relator requests various documents, apparently for the purpose of pursuing post-conviction relief. However, based on our review of both the minute entry for Relator’s trial and his guilty plea form, we conclude that the requested Boykin transcript will not support a claim for which relief can be granted. See La.C.Cr.P. art. 928. Thus, this application is denied. Having changed his plea of not guilty to a guilty plea after the State rested its case at trial, Relator had already confronted his accusers and exercised his right to a jury trial. Therefore, of the rights required by Boykin, Relator could assert only that he did not validly waive his privilege against self-incrimination. The minute entry for Relator’s trial clearly shows, in detail, that Relator was advised of each of his Constitutional rights and knowingly and voluntarily waived these rights when he changed his plea. Additionally, Relator executed a form in which he admitted his guilt, acknowledged the potential sentence, and indicated that he understood and waived his rights to trial, confrontation, and the privilege against self-incrimination. This form also contains a statement that the plea was uncoerced. Also noted on the form, which Relator initialed seven times and then signed, is the sentence which Relator would receive, and did receive, as a result of his guilty plea.
These documents, the minute entry and guilty plea form, more than adequately show that Relator knowingly and intelligently waived his Boykin rights. State v. Tucker, 405 So.2d 506 (La.1981); State v. Arrington, 455 So.2d 1284 (La.App. 4th Cir.1984). Moreover, because Relator’s guilty plea and sentence were the result of plea bargaining, Relator can make no claim under La.C.Cr.P. 894.1, nor can he claim that his sentence was excessive. State v. Bell, 412 So.2d 1335 (La.1982).
Because there is evidence that Relator’s guilty plea was the result of a knowing and intelligent waiver of carefully explained Constitutional rights, Relator is precluded from making a claim that his plea was the product of duress, coercion, or ignorance. Indeed, the fact that the plea resulted from plea bargaining proves the voluntariness of the plea, and, in the absence of specific allegations that the bargain was not kept, there can be no Constitutional infirmity. Furthermore, Relator’s plea is not less voluntary or informed merely because it was made upon the advice of his attorney. Although Relator suggests incompetence of counsel, that claim is not alleged with any *7 specificity, and Relator has not alleged that his attorney’s performance was deficient or that any deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Under these circumstances, the Boykin and sentencing transcript could not reveal any defect which would provide Relator with a valid claim, and therefore we will not in this case, order the Trial Court to provide Relator with his Boykin and sentencing transcript.
The Trial Court properly denied the request for all other documents and evidence.