539 So.2d 1008 (1989)
STATE of Louisiana
v.
Vernell THOMPSON.
No. 88-KA-1533.
Court of Appeal of Louisiana, Fourth Circuit.
February 28, 1989.
*1009 Harry F. Connick, Dist. Atty., Susan Kreston, Asst. Dist. Atty., New Orleans, for appellee.
Before SCHOTT, C.J., and KLEES and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant, Vernell Thompson, appeals his conviction for simple robbery on the basis of errors patent on the face of the record, as well as his sentence imposed under Louisiana's Habitual Offender Law, LSA-R.S. 15:529.1.
A review of the record shows no errors patent. The issues before this court are: 1) whether defendant's multiple offender adjudication was sufficiently supported by the evidence; 2) whether the multiple offender adjudication was unreasonably delayed; and 3) whether the state satisfied its burden of proving that the guilty plea in the predicate conviction was properly obtained under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We affirm.
On February 17, 1987, the defendant was charged by bill of information with armed robbery, a violation of LSA-R.S. 14:64. He was arraigned on February 20, 1987, at which time he pled not guilty.
On April 29, 1987, the bill was amended to charge defendant with simple robbery, a violation of LSA-R.S. 14:65, and defendant pled guilty to that charge. That same day, the State filed an oral multiple bill, defendant admitted the allegations contained therein, and the court sentenced him to eight years. Thereafter, on August 7, 1987, a written multiple bill was filed, apparently to supplement the record.
On February 23, 1988, this court granted a writ application filed by defendant and reversed the multiple offender adjudication on the basis of defendant being improperly charged as a multiple offender by oral bill of information. A second copy of a written multiple bill was then filed on April 21, 1988. After several continuances granted either at defendant's request or without objection by defendant, the matter was finally set for June 17, 1988. At the hearing, defendant was found to be a multiple offender and was again sentenced to eight years. Defendant appeals.
In his first assignment of error, defendant requests a review of the record for errors patent. Our review of the record reveals none. This assignment is without merit.
In his second assignment of error, defendant contends that the trial court's judgment finding him a multiple offender is not supported by the evidence.
Evidence introduced at the multiple bill hearing included certified copies of the bill of information, plea of guilty form, arrest register, minutes and docket master from the 1983 predicate conviction of Vernell Thompson.
At the hearing, the State also introduced as a witness Officer William Sable, an expert in the taking and analysis of fingerprints and the identification of prints. Officer Sable testified that the fingerprints of defendant which were taken that day in court matched those on the back of the certified arrest register from the predicate conviction. This is sufficient evidence linking defendant to the prior 1983 offense. State v. Perkins, 514 So.2d 585 (La.App. 4th Cir.1987); State v. Melton, 456 So.2d 192 (La.App. 4th Cir.1984).
Therefore, defendant's second assignment is without merit.
In his third assignment of error, defendant contends the trial court erred in denying his motion to quash the multiple bill of information. Defendant claims that the delay in filing the multiple bill and in holding the multiple bill hearing denied him *1010 of his right to a speedy trial guaranteed under LSA-C.Cr.P. art. 701.
A habitual offender proceeding under LSA-R.S. 15:529.1 is an enhancement of penalty proceeding, not prosecution for a crime. State v. Scott, 395 So.2d 714 (La. 1981); State v. Alexander, 503 So.2d 782 (La.App. 3d Cir.1987). As such, it is not governed by defendant's right to have an expeditious determination of guilt. State v. Johnson, 363 So.2d 458 (La.1978); State v. Alexander, supra. Rather, principles of fundamental fairness dictated by the due process clause of the Fourteenth Amendment prohibit inordinate delays in post-conviction proceedings such as imposition of sentence. State v. Duncan, 396 So.2d 297 (La.1981); State v. Alexander, supra.
LSA-R.S. 15:529.1 D provides, in part: "If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of (another) felony," the defendant may be charged as a multiple offender.
While this statute does not provide a prescriptive period, the Louisiana Supreme Court has held that the habitual offender bill must be filed within a "reasonable time" after the prosecution knows of defendant's prior felony record. State v. Broussard, 416 So.2d 109 (La.1982). The Broussard court stated that "upon conviction a defendant is entitled to know the full consequences of the verdict within a reasonable time. Since the enhancement of penalty provision is incidental to the latest conviction, the proceeding to sentence under that provision should not be unduly delayed." 416 So.2d at 110-111.
In the instant case, the defendant, attended by counsel, admitted to allegations contained in the oral multiple bill on April 29, 1987, the same day he pled guilty to simple robbery. As previously stated, this court set aside the original sentence for the multiple offender conviction because the State failed to file a written multiple bill. The matter was remanded to the trial court for resentencing on February 23, 1988. Subsequently, the second multiple offender bill was filed on April 21, 1988, less than two months after remand. Moreover, the original hearing had been set for March 28, 1988. Because of several continuances previously mentioned, requested or unobjected to by defendant, the hearing was conducted on June 17, 1988, just four months after remand.
Under the circumstances of this case, we do not consider the delay in the multiple offender proceedings unreasonable. See State v. Tuesno, 455 So.2d 1292 (La.App. 4th Cir.1984). Accordingly, this assignment is without merit.
In his fourth assignment, defendant contends the trial court erred in adjudging him a multiple offender because the State failed to prove he was properly Boykinized in his predicate offense.
While the colloquy between the trial judge and the defendant is the preferred evidence to show defendant knowingly and voluntarily waived his rights by pleading guilty, it is not indispensable when the record contains other affirmative showing of proper waiver. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Carson, 527 So.2d 1018 (La.App. 1st Cir.1988); State v. Kelly, 524 So.2d 123 (La.App. 4th Cir.1988).
In the instant case, in addition to the arrest register and the bill of information, the State also filed the minutes and the plea of guilty form. Defendant was attended by counsel when he pled guilty to the predicate offense on June 28, 1983. At that time defendant filed the formal waiver of rights form.
In the plea form, defendant with his initials admitted his guilt, acknowledged his sentence, and indicated his understanding of his right to trial by jury, his right to confront his accusers, and his privilege against self-incrimination. With his initials, defendant also indicated that the form was executed voluntarily. The form also states: "The Judge has addressed me personally as to all of these matters and he has given me the opportunity to make any statement I desire." Defendant's initials appear seven times on the form. The form is signed by the Judge, defendant's attorney, and twice by defendant. In addition, the corresponding minutes state that defendant *1011 "filed formal waiver of rights form and was advised by the court as per BOYKIN."
We find that the detailed plea form taken together with the minute entry attesting to defendant's Boykinization constitutes an affirmative showing of a valid waiver. State v. Tucker, 405 So.2d 506 (La.1981); State v. Arrington, 455 So.2d 1284 (La. App. 4th Cir.1984); State v. Kelly, 524 So.2d 123 (La.App. 4th Cir.1988); State v. Boissiere, 523 So.2d 5 (La.App. 4th Cir. 1988).
Accordingly, this assignment has no merit.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.