BYRNES, Judge.
Anthony Lewis, a/k/a Larry Lewis, was found guilty of two counts of attempted distribution of heroin. La.R.S. 40:966. He was sentenced as a second offender and ordered to serve twenty five years at hard labor on each count, with the sentence on the first count to be served without benefit of parole, probation or suspension of sentence. The two sentences were to run concurrently. Lewis appeals his conviction and sentence relying upon one assignment of error. We affirm the defendant’s conviction and we amend and affirm his sentence.
In his sole assignment of error the defendant contends that the trial court erred in finding him to be a multiple offender in that he was not properly Boykinized at the time of his guilty plea to the predicate offense (i.e. simple robbery). He alleges that the State failed to show that he was informed of his right to a trial by jury.
In order for there to be a knowing and voluntary waiver of constitutional rights for purposes of a guilty plea the defendant must be informed of his privilege against self-incrimination, the right to a jury trial and the right to confront one’s accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It is not sufficient that the defendant merely be informed that he has a right to a trial. See: State v. Santiago, 416 So.2d 524 (La.1982); State v. Age, 417 So.2d 1183 (La.1981). In order to show a knowing and voluntary waiver of rights a presentation of the colloquy at the time of the guilty plea is the preferred evidence. State v. Thompson, 539 So.2d 1008 at 1010-1011 (La.App. 4th Cir.1989), writ denied 544 So.2d 399 (La.1989). In Thompson, supra, this court also discussed an alternative *1021 showing which can be made in lieu of a presentation of the colloquy:
While the colloquy between the trial judge and the defendant is the preferred evidence to show defendant knowingly and voluntarily waived his rights by pleading guilty, it is not indispensable when the record contains other affirmative showing of proper waiver. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Carson, 527 So.2d 1018 (La.App. 1st Cir. 1988); State v. Kelly, 524 So.2d 123 (La.App. 4th Cir.1988).
In the instant case, in addition to the arrest register and the bill of information, the State also filed the minutes and the plea of guilty form. Defendant was attended by counsel when he pled guilty to the predicate offense on June 28,1983. At that time defendant filed the formal waiver of rights form.
In the plea form, defendant with his initials admitted his guilt, acknowledged his sentence, and indicated his understanding of his right to trial by jury, his right to confront his accusers, and his privilege against self-incrimination. With his initials, defendant also indicated that the form was executed voluntarily. The form also states: “The Judge has addressed me personally as to all of these matters and he has given me the opportunity to make any statement I desire.” Defendant’s initials appear seven times on the form. The form is signed by the Judge, defendant’s attorney, and twice by defendant. In addition, the corresponding minutes state that defendant ‘filed formal waiver of rights form and was advised by the court as per Boykin.’ We find that the detailed plea form taken together with the minute entry attesting to defendant’s Boykinization constitutes an affirmative showing of a valid waiver. State v. Tucker, 405 So.2d 506 (La.1981); State v. Arrington, 455 So.2d 1284 (La.App. 4th Cir.1984); State v. Kelly, 524 So.2d 123 (La.App. 4th Cir.1988); State v. Boissiere, 523 So.2d 5 (La.App. 4th Cir.1988).
In this case, at the multiple bill hearing, the State introduced an arrest register, bill of information, guilty plea form, docket master and minute entry of the guilty plea in a 1981 conviction for simple robbery. The State had not obtained and did not introduce the colloquy of the guilty plea for the predicate offense.
An examination of the record reveals that the defendant was attended by counsel when he pled guilty to the predicate offense. At the time, he filed a formal waiver of right form. On the waiver form, as evidenced by his initials, the defendant admitted his guilt, acknowledged his sentence and indicated his understanding of his right to a trial by jury, his right to confront his accusers, and his privilege against self-incrimination.
The waiver of rights form also states: “The judge has addressed me personally as to all these matters and has given me the opportunity to make any statements I desire.” The defendant’s initials appear ten times on the form and the form is signed by the judge, the defendant, and defense counsel.
This detailed waiver of rights form, together with the minute entry, constitute an affirmative showing that this defendant made a valid waiver of his Boykin rights, including the right to a trial by jury.
Lewis next argues that the initials on the waiver form are not those of the defendant. This argument, raised for the first time on appeal, is also rejected.
The State was entitled to presume that the defendant was the person who initialed the waiver of rights form. A review of the form does not establish that this defendant was not the person who initialed the form. Additionally, the defendant had the opportunity to present evidence at the multiple offender hearing in order to support this position but he failed to do so. This argument lacks merit.
As such we find that the defendant entered a knowing and voluntary guilty plea to the predicate offense of simple robbery and for the reasons expressed herein the trial judge did not err in finding him to be a multiple offender. For these reasons the defendant’s conviction will be affirmed.
We have additionally reviewed this record for errors patent upon its face and we find no error in sentencing.
*1022 In this case the trial court denied the defendant parole. The sentence for a conviction of attempted distribution of heroin does not deny eligibility for parole. The trial court does not have the authority to impose sentence without benefit of parole under Louisiana Revised Statute Title 15 Section 574.4, because that statute is part of the section on guidelines to be used by the Department of Corrections in determining if parole is appropriate. State v. Knight, 548 So.2d 1276 (La.App. 4th Cir.1989); State v. Bell, 543 So.2d 965 (La.App. 4th Cir.1989). Thus the sentence, as imposed, is illegal and it will be amended to delete the prohibition against parole.
Accordingly, the defendant’s conviction is affirmed. His sentence is amended to delete the prohibition against parole, and as amended, it is affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED.
WARD, J., dissents.