577 So.2d 313 (1991)
STATE of Louisiana
v.
Seth A. SMITH.
No. 89-KA-2279.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1991.
*314 Harry F. Connick, Dist. Atty., Charmagne Padua, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before CIACCIO, LOBRANO and WARD, JJ.
LOBRANO, Judge.
Defendant, Seth Smith, was charged by bill of information with the first degree robbery of Alice Toliver, a violation of La. R.S. 14:64.1.
Defendant pled not guilty. He waived trial by jury. He was subsequently tried by a judge and was found guilty of simple robbery. On July 25, 1989, defendant was sentenced to serve seven (7) years at hard labor.

FACTS:
On November 1, 1988, between 10:20 and 10:25 p.m., Alice Toliver was crossing the intersection of Magnolia Street and Napoleon Avenue near her place of employment, Southern Baptist Hospital. As she crossed the street she was approached by a black male. He demanded that she give him her purse. At first she refused. He repeated his demand, removed his right hand from *315 his jacket pocket and grabbed Toliver's arm. Toliver then gave the man her purse. The man then ran away. Toliver immediately proceeded to Southern Baptist Hospital where she told New Orleans police officer Jack Smith, who was working a paid detail, what had occurred. She described her assailant as a black male, approximately 5'4" to 5'6" tall with a mustache. She described him as wearing a black jacket, blue jeans and white tennis shoes. John Romis, a security guard at Southern Baptist Hospital received a call about the robbery while on patrol at Magnolia and Jena Streets. He received, moments later, a second call that someone matching the description of the robber was seen walking on South Robertson Street toward downtown. Romis proceeded to South Robertson where he observed defendant near the intersection of Napoleon Avenue. He stopped defendant and took him back to the hospital for identification. Toliver was seated inside a van. From that vantage point she identified defendant as her assailant. In order to be certain she asked to be allowed to stand next to defendant. She exited the van, stood next to defendant and positively identified him as her assailant. Defendant was arrested and searched. A screwdriver was found in his back pocket.
Defendant denied he robbed Toliver. At trial he testified that at 10:30 p.m. he was at his brother's home where he used the screwdriver to fix a headlight on a friend's truck. He then testified he proceeded to his sister's house, where he was living, to get some money so that he could buy wine. He then walked toward Napoleon Avenue where he was stopped by Romis and taken to Southern Baptist Hospital.
Defendant appeals his conviction and sentence asserting the following pro se assignments of error:
1) The identification procedure used was unnecessarily suggestive;
2) The trial court erred in not granting defendant's motion to suppress the identification;
3) Defendant was denied effective assistance of counsel.

ASSIGNMENTS OF ERROR 1 AND 2:
Defendant asserts the identification procedure was unnecessarily suggestive and the trial court erred in not granting his motion to suppress the identification. We disagree.
When challenging an out-of-court identification procedure as to its constitutionality and, hence, its admissibility in court, "the defendant must prove that identification was suggestive and that a likelihood of misidentification resulted from the identification procedure." State v. Guillot, 526 So.2d 352 (La.App. 4th Cir.1988), writ den., 531 So.2d 481 (La.1988).
The United States Supreme Court in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), set forth five factors to be used in determining whether an identification was reliable:
1) the witness's opportunity to view the defendant at the time the crime was committed;
2) the degree of attention paid by the witness during the commission of the offense;
3) the accuracy of any prior description;
4) the level of the witness's certainty at the time of the identification; and
5) the length of time elapsed between the crime and the identification.
Even where a suggestive identification procedure has been proven, it is the likelihood of misidentification, and not the suggestiveness which violates due process. Manson, supra; State v. Williams, 375 So.2d 364 (La.1979); State v. Muntz, 534 So.2d 1317 (La.App. 4th Cir.1988).
A one-on-one confrontation between a suspect and a victim is permissible when justified by the circumstances, and particularly when the suspect is apprehended within a relatively short time after the offense and is returned to the crime scene. State v. Everridge, 523 So.2d 879 (La.App. 4th Cir.1988). A proper identification in such cases promotes accuracy and expedites the release of innocent suspects. State v. Bickham, 404 So.2d 929 (La.1981); State v. Williams, 420 So.2d 1116 (La. *316 1982); State v. Clark, 499 So.2d 332 (La. App. 4th Cir.1986).
Defendant claims the identification procedure was overly suggestive because he was handcuffed when Toliver identified him as the robber and he and Toliver were left together in a brightly lit room for approximately forty-five minutes. In addition, he points to inconsistencies in the testimony of Toliver and officer Ramis as to the direction in which the robber ran after taking her purse. He also points to Toliver's testimony that her assailant kept his hands in his pockets whereas the pockets on his jacket were almost torn off.
Applying the required analysis to the facts of the case sub judice, we find no error in the trial court's denial of defendant's motion to suppress the identification as unduly suggestive.
The lighting conditions allowed Toliver sufficient opportunity to view defendant. The crime occurred at the intersection of Napoleon Avenue and Magnolia Street, a well lit major intersection controlled by traffic lights. Toliver testified she "looked" at defendant and heard him repeat his demand for her purse twice. Defendant was close enough to grab Toliver's arm and take the purse from her.
Toliver's degree of attention was sufficient to identify defendant. She testified that she observed defendant as he approached her and knew from which direction he came. She stated he stopped her, stood in front of her and demanded her purse. Following a brief exchange of words, Toliver relinquished the purse and defendant fled. As he was fleeing, Toliver shouted to defendant that she could identify him.
Toliver's description minutes after the crime was accurate. She was able to describe defendant's race, height, facial hair, black jacket, blue jeans and white tennis shoes. Defendant does not complain that he did not fit the description given by Toliver. He only attacks the fact that she did not specify the jacket was leather and had torn pockets.
Toliver was certain of her identification of defendant as her assailant. Toliver stated:
"The security brought me to where they had caught the man and let me identify him. They let me sat [sic] in the car and said `Is this the man?' I said, `Yes.' And I asked him, I said, `Well, can I get out the van and make definitely sure?' And they told me yeah. And I stand up right in front of him again and identified him. That was the same guy."
Toliver identified defendant within minutes of the crime. Toliver testified the crime occurred at approximately 10:20-10:35 p.m. Defendant was sighted, detained by the police and identified by Toliver approximately thirty minutes later.
Thus, the testimony clearly establishes Toliver's ability to make an accurate identification and outweighs any suggestiveness that may have existed because defendant was in handcuffs and left with Toliver for forty-five minutes.
These assignments of error are without merit.

ASSIGNMENT OF ERROR 3:
Defendant complains of ineffective assistance of counsel at trial, sentencing[1] and on appeal.
Ordinarily, the issue of ineffectiveness of counsel is properly raised in an application for post-conviction relief to be filed initially in the trial court where a full evidentiary hearing can be held; La.C.Cr.P. Art. 924 et seq.; State v. Prudholm, 446 So.2d 729 (La.1984); State v. Petta, 496 So.2d 390 (La.App. 4th Cir.1986), writ den., 533 So.2d 10 (La.1988).
However, where the record discloses sufficient evidence upon which to make a determination of counsel's effectiveness, a decision on the issue may be made on appeal in the interest of judicial *317 economy. State v. Seiss, 428 So.2d 444 (La.1983); State v. Haywood, 516 So.2d 196 (La.App. 4th Cir.1987).
Defendant's claim of ineffective assistance of counsel on appeal can be decided on the present record. However, there is insufficient evidence in the record upon which this court can make a determination of the merits of defendant's claim of ineffective assistance of counsel at trial and sentencing. Such a determination can only be made via an application for post-conviction relief to be filed in the district court where a full evidentiary hearing can be held.
Defendant asserts that his appeal counsel was ineffective because only an "errors patent" brief was filed. Defendant cites Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990) as authority.
In Lofton, supra, a federal appeals court, for the first time reviewed this court's procedure in reviewing "errors patent" appeals pursuant to the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and its progeny.[2]
In Lofton, supra, the Fifth Circuit concluded that defendant was constructively denied assistance of counsel on appeal because his counsel filed a brief which did not assert arguable error, and, under Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), prejudice to the appellant is presumed. The court based its decision on findings that (1) counsel, by failing to present "anything arguably supporting an appeal" effectively withdrew from the case without complying with the requirements of Anders; and, (2) it was unclear from the record that the state appellate court performed an independent, thorough review of the record for any arguable basis for appeal.[3]
To comply with the Lofton decision, this Court adopted Internal Rule 11 which governs processing of "errors patent" cases.[4] Pursuant to Rule 11, counsel is required to review the district court record thoroughly and present any claim with arguable merit to this court. However, this court will not require appointed counsel to raise frivolous *318 issues, then refer to legal authorities which demonstrate that these issues are, in fact, frivolous and thus undermine defendant's position. See, State v. Troy Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).
When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, Anders requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf.[5]State v. Benjamin, supra.
In the instant case, counsel filed a brief requesting a review of errors patent. Counsel conducted a detailed review of the record of this case, and he moved to withdraw from the case because after a thorough, conscientious review of the record, he believed there were no non-frivolous issues to be raised on appeal. A copy of the brief and motion to withdraw were sent to defendant. This Court informed defendant via written notice that he had the right to file a supplemental brief in his own behalf. On September 24, 1990, defendant filed a pro se supplemental brief asserting the three assignments of error addressed in this appeal.
This court has thoroughly reviewed all pleadings, minute entries and transcripts in the record. Defendant was properly charged by bill of information with first degree robbery. He was present and represented by counsel at all motions, hearings, trial and sentencing. The trial judge's verdict of guilty of simple robbery was responsive to the charge of first degree robbery. The state proved every essential element of simple robbery beyond a reasonable doubt. Defendant's sentence of seven (7) years at hard labor is legal in all respects. Our independent review reveals no non-frivolous issues and no ruling which arguably support an appeal were found. There is no merit to defendant's claim of ineffective assistance of counsel on appeal.
For the reasons assigned above, defendant's conviction and sentence are affirmed. Appellate counsel's motion to withdraw is granted.
AFFIRMED.
NOTES
[1] Defendant asserts that trial counsel failed to subpoena various alibi witnesses and failed to impeach the testimony of Toliver and Ramis with conflicting information in the police report. In addition, defendant claims his counsel at sentencing was ineffective because she failed to familiarize herself with the case having just been appointed.
[2] The question presented in Anders was:

What happens when an indigent appellant has been provided with appointed counsel, and counsel determines, after a conscientious examination of the record and the legal authorities, that there are no non-frivolous issues to present on appeal? Pursuant to Anders, counsel must raise issues from the record which "arguably" support the appeal; a copy of the brief and motion to withdraw are forwarded to the appellant who is given the opportunity to file a brief; and the appellate court then decides if the appeal is wholly frivolous and acts on counsel's motion to withdraw.
[3] See, State v. Lofton, 442 So.2d 796 (La.App. 4th Cir.1983); habeas corpus denied by Lofton v. Butler, 1989 WL78498 (E.D.La. July 12, 1989); rev. by, Lofton v. Whitley, supra.
[4] Rule 11 provides:

1. A court-appointed appellate attorney may file a motion to withdraw if the attorney, after a conscientious and thorough review of the trial court record, determines that the appeal is wholly frivolous. One copy of the motion, prepared for the signature of three judges, should be filed.
2. The appellant's brief should accompany the motion to withdraw. The brief shall comply with Rule 2-12, Uniform Rules, Courts of Appeal, and should include a thorough review of the procedural history of the case, a review of the facts of the case, a reference to anything in the record that might arguably support the appeal or a statement negating the presence of such, and a statement, either in the motion to withdraw or the appellant's brief, that counsel, after a conscientious and thorough review of the trial court record, can find no non-frivolous issues to raise on appeal and no ruling of the trial court which arguably supports the appeal.
3. Counsel shall attach to the appellant's brief proof that a copy of the motion and the brief were forwarded to the appellant, with a notation whether the appellant has/has not received a copy of the trial court record and/or trial transcript. Counsel shall inform the appellant that he or she may file a supplemental brief in his or her own behalf.
4. After receiving the brief and motion, this Court shall notify the appellant that he or she should inform the court in writing within thirty days if he or she intends to file a brief.
5. If the Court finds, after an independent review of the record, that the appeal is wholly frivolous, it may grant the motion and affirm the conviction or trial court judgment. If the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the Court, or grant the motion and appoint substitute appellate counsel.
[5] This court's review will consist of:

1) A review of the bill of information or indictment to insure the defendant was properly charged;
2) A review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, that the jury composition, if any, and verdict were correct, and that the sentence is legal;
3) A review of all pleadings in the record; 4) A review of the jury sheets; and 5) A review of all transcripts to determine if the evidence presented was constitutionally sufficient and to determine if any ruling provides an arguable basis for appeal.