580 So.2d 1131 (1991)
STATE of Louisiana
v.
James HAWTHORNE.
No. 90-KA-0804.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 1991.
*1132 Harry F. Connick, Dist. Atty., Michael J. Reynolds, Martin Melton, Asst. Dist. Attys., New Orleans, for plaintiff/appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before GARRISON, BARRY and PLOTKIN, JJ.
BARRY, Judge.
The defendant was convicted of attempted unauthorized entry of an inhabited dwelling. La.R.S. 14:62.2 and 14:27, and sentenced as a second felony offender to six years at hard labor. Defense counsel did not assign an error and requested an errors patent review. The defendant's two pro se briefs allege that the evidence was insufficient to support a finding that he was a multiple offender.
Ms. Diane Williams testified that shortly after midnight she observed two men walk into her neighbor's back yard. She called the police and Officer Bush found the defendant with a knife trying to open the back door. The owner of the house testified that her screen door had been tampered with and the main door was chipped near the lock.
The defendant's original and supplemental pro se briefs allege the evidence was insufficient to find him a second offender. He admits the State proved he was arrested for aggravated rape in 1975, but it failed to prove a conviction.
Detective Sabel, an expert in identification and analysis of fingerprints, testified at the multiple offender hearing that he fingerprinted the defendant and compared his prints with those on the reverse side of an arrest register (dated January 31, 1975) in the defendant's name for the charge of aggravated rape (and other charges). He compared the right thumb and index finger and counted twelve points of identification. He stated that the defendant was the same James Hawthorne who had been arrested for aggravated rape in 1975. When asked whether the defendant was the same James Hawthorne in the certified conviction documentation in # 248-412 for aggravated rape, Det. Sabel responded that the bill of information showed: the same name, James Hawthorne; the same date of the crime (as the arrest register), January 31, 1975; and the same victim's name.
The State submitted into evidence: a certified copy of the arrest register (January 31, 1975) in the name of James Hawthorne with fingerprints on the reverse; a card dated May 17, 1990 (the day of the multiple offender hearing) with the right thumb and index fingerprints of the defendant, James Hawthorne, taken by Detective Sabel and *1133 signed by him; a true copy of the indictment in # 248-412 charging James Hawthorne (and two others) with aggravated rape on July 31, 1975 of the victim named in the arrest register; the July 22, 1975 minute entry for the indictment which shows Hawthorne's conviction; and the other handwritten minute entries.
To obtain a multiple offender conviction the State is required to establish a prior felony conviction and that the defendant is the same person who was convicted of the prior felony. State v. Bernard, 366 So.2d 1294 (La.1978); State v. Curtis, 338 So.2d 662 (La.1976). The State clearly carried its burden of proof at the multiple offender hearing. There was sufficient evidence that the defendant was also convicted of a felony in case # 248-412. See State v. Armstead, 542 So.2d 28 (La.App. 4th Cir.1989), writ denied 566 So.2d 391 (La.1990); State v. Thompson, 539 So.2d 1008 (La.App. 4th Cir.1989), writ denied 544 So.2d 399 (La.1989); State v. Perkins, 514 So.2d 585 (La.App. 4th Cir.1987). The defendant's assignment of error lacks merit.
Defense counsel, who filed a request for an errors patent review, complied with the procedure set out in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Benjamin analyzed the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and its progeny as interpreted by Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990). See also State v. Smith, 577 So.2d 313 (La.App. 4th Cir. 1991).
Defense counsel's motion to withdraw (October 31, 1990) states that after a conscientious and thorough examination of the entire record there are no non-frivolous issues to present on appeal. Counsel sent a letter to the defendant and attached a copy of her errors patent brief, her motion to withdraw, and a form letter explaining errors patent review (informing the defendant that he had a right to obtain a transcript and to write his own brief). In her supplemental brief and motion to withdraw (January 18, 1991) counsel reiterated that she found no non-frivolous issue to raise on appeal and no error which arguably supported an appeal. The requirements of Internal Rule 11 which governs this case have been fulfilled. Appellate counsel's motion to withdraw is granted.
The defendant filed a pro se brief on November 20, 1990 with one assignment and a pro se motion to supplement the record with the multiple offender transcript, to waive counsel, and to file a pro se brief. This court granted his first and third requests, but denied his request to waive counsel. The defendant filed another brief on March 6, 1991. Both briefs challenge the sufficiency of the evidence to adjudge him a multiple offender.
Pursuant to State v. Benjamin, 573 So.2d at 528, this Court has performed an independent, thorough review of all the pleadings and minute entries, the bill of information, and all transcripts. The defendant was properly charged by bill of information with a violation of La.R.S. 14:62.2 and 14:27 signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all motion hearings, jury selection, trial and sentencing. The defendant was properly adjudicated a second felony offender and his six year sentence at hard labor is legal. Our independent review reveals no non-frivolous issues and no trial court ruling which arguably supports the appeal.
The defendant's conviction and sentence are affirmed.
AFFIRMED.